## A04A1216. GEORGIA STATE BOARD OF PARDONS AND PAROLES v. FINCH.
### (605 SE2d 414)

SMITH, Chief Judge.

We granted the application of the Georgia State Board of Pardons and Paroles (the board) for an interlocutory appeal from the trial court's denial of its motion to dismiss this action against it brought by Finch. Because we conclude that the trial court should have granted the board's motion, we reverse.

The record shows that Randy Lamar Finch was convicted of a felony in 1990 and was sentenced under the First Offender Act, OCGA §§ 42-8-60 through 42-8-66. In 1993, Finch's probation was revoked and he was sentenced to ten years, with five to serve in

custody and the remainder on probation. He was released on parole in May 1996. Finch filed this action in July 1998 against his parole officer, Thaddeus Stephens, Stephens's superiors Carol Deems and Charles Andrews, and the board. He alleged in his complaint that in September 1996, while he was on parole and living in Sumter County, Stephens issued a warrant for his arrest. Finch was released on bond granted by the superior court. After his release, Stephens again arrested him even though bond had been posted and no other outstanding warrant existed. Stephens attempted to incarcerate Finch unsuccessfully in Sumter County and in Columbus, but officials refused to accept Finch. Stephens then drove to Albany, where Finch was accepted at the common jail of Dougherty County. Finch was again released after posting the bond granted by the Superior Court of Sumter County.

Finch also alleged in his complaint that Stephens "intimidated and coerced" a woman into prosecuting unfounded claims of battery and simple battery against Finch. In addition, Finch alleged that Stephens offered an unnamed jail inmate cash and a promise of quick release if the inmate would swear falsely that he overheard Finch trying to arrange for Stephens's murder. Finch's parole was revoked in January 1997.

In the complaint, Finch alleged various claims against the defendants, including claims under 42 USC §§ 1983 and 1985 for violating his civil rights, a personal injury claim under OCGA § 51-1-13, battery, intentional infliction of emotional harm, negligent retention, false arrest, false imprisonment, and kidnapping. Finch sought compensatory damages including pain and suffering, punitive damages, expenses, and attorney fees. He also showed that he had complied with the notice requirements of the Georgia Tort Claims Act, OCGA § 50-21-35 (the Act).

The defendants filed a notice of removal to United States District Court, which dismissed the federal claims against the defendants in their official capacities on Eleventh Amendment grounds and remanded the pendent state claims to the superior court. Defendants then moved to dismiss the complaint. The superior court held a hearing and entered an order dismissing Deems and Andrews on the ground that all claims against them related to actions within the scope of their official duties and therefore under the Act they were immune from suit. Finding that whether Stephens acted within the scope of his official duties was a jury question and that if a jury found that he was acting within that scope the board could be liable for his actions, the superior court denied the board's and Stephens's motions to dismiss. The trial court also granted a certificate of immediate review, and we granted the board's application for an interlocutory

appeal.[1]

1. The board contends the trial court erred in denying its motion to dismiss because it is a state agency, and the State has not waived its sovereign immunity for acts such as those for which the board might be vicariously liable. We agree.

OCGA § 50-21-23 codifies the State's limited waiver of its sovereign immunity. Subsection (a) of that statute provides that the State's sovereign immunity is waived

> for the torts of state officers and employees while acting within the scope of their official duties or employment . . . ; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article. The state shall have no liability for losses resulting from conduct on the part of state officers or employees which was not within the scope of their official duties or employment.

If Stephens's actions did not constitute these enumerated torts, of course no recovery by Finch is possible. But Finch cannot recover from the board for Stephens's actions even if he is able to prove that those actions did amount to the torts alleged. The scope of Stephens's employment certainly did not encompass false arrest, false imprisonment, battery, or infliction of emotional distress. Consequently, even if a jury finds that Stephens's actions did satisfy the elements of the torts alleged, recovery from the board is prohibited because the State clearly has not waived its immunity for these torts.

Moreover, both the statute and the case law establish that the State may be held liable in tort actions only within the Act's limits. See, e.g., *Dept. of Transp. v. Bishop*, 216 Ga. App. 57, 58 (1) (453 SE2d 478) (1995). OCGA § 50-21-24 lists exceptions to the State's waiver of immunity, and subsection (7) provides that the State has no liability for any losses resulting from "[a]ssault, battery, false imprisonment, false arrest, malicious prosecution," and certain other enumerated torts. This exception to the State's waiver of immunity therefore precludes the board's liability for most, if not all of Finch's claims, which were premised upon Stephens's alleged commission of battery, false arrest, and false imprisonment. A jury therefore could not decide that the board was vicariously liable for the actions of Stephens, and the trial court erred in denying the board's motion to dismiss.

---

[1] Stephens did not file an application and is not involved in this appeal. The action against him remains pending below.

2. The Act also bars Finch from recovering on his claim that the board negligently retained Stephens. OCGA § 50-21-24 (2) excludes from the State's waiver of sovereign immunity "losses resulting from . . . [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." The term "discretionary function or duty" is defined by the Act as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA § 50-21-22 (2). This language means "that the state employee must exercise a policy judgment in choosing among various alternative actions based on social, political, and economic factors." (Citation and punctuation omitted.) *Lewis v. Ga. Dept. of Human Resources,* 255 Ga. App. 805, 811 (567 SE2d 65) (2002). Employment decisions, including retaining an employee, necessarily require consideration of numerous factors and the exercise of deliberation and judgment. They are therefore "precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing." (Citation and punctuation omitted.) *Bd. of Public Safety v. Jordan,* 252 Ga. App. 577, 585 (1), n. 13 (556 SE2d 837) (2001). The board's retention of Stephens was a discretionary function, for which the State has not waived its immunity.

In addition, the State's immunity under OCGA § 50-21-24 (7) is for "losses" that result from the specified intentional torts. We therefore "do not look at the duty allegedly breached by the government, but focus on the act causing the plaintiff's loss. [Cit.]" *Ga. Military College v. Santamorena,* 237 Ga. App. 58, 61 (1) (a) (514 SE2d 82) (1999). Finch cannot circumvent the legislature's refusal to waive the State's immunity for the alleged intentional torts specified in OCGA § 50-21-24 (7) simply by alleging negligent conduct on the part of the board. All of Finch's alleged "losses" resulted from the intentional acts of Stephens, and the State may not be held liable for those losses. Id.

3. Because we have found in Divisions 1 and 2 that the board's motion to dismiss should have been granted as to all claims against it, we need not address the board's remaining enumerations of error.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 30, 2004.

*Thurbert E. Baker, Attorney General, Rita J. Llop, Assistant Attorney General, Gray, Hedrick & Edenfield, Bruce M. Edenfield, Susan L. Rutherford,* for appellant.

*W. Edward Meeks, Jr.,* for appellee.