A07A2133. DOSS v. CITY OF SAVANNAH et al.
(660 SE2d 457)

ADAMS, Judge.

Christa Doss appeals the trial court's grant of summary judgment in favor of the City of Savannah, the City of Savannah Police

---

[3] The transcript from the prior trial was forwarded to this Court with the present appeal.

Department, Savannah Police Chief Daniel Flynn and Greg Capers on Doss's claims for due process violations, gender discrimination, sexual discrimination, defamation, breach of contract, and violations of "29 U. S. C. § 1983."

On appeal from the grant or denial of a motion for summary judgment, this Court reviews the record de novo, construing the evidence and the inferences drawn from it most strongly in favor of the nonmoving party. *Harrison v. Daly*, 268 Ga. App. 280, 281 (601 SE2d 771) (2004). Viewed in that light, the evidence shows that Doss was employed by the City of Savannah as an officer in the City's police department from 1991 until she was terminated in October 2002. When she was hired, Doss was given, and acknowledged receipt of, the Savannah Police Department Standard Operating Procedures Manual ("SOP"), which sets out policies and procedures for the department.

On October 9, 2002, Doss was involved in an automobile collision between her police car and another vehicle. The other vehicle had the right of way, and the collision was deemed to be Doss's fault. After the accident, Doss's supervisor, following standard protocol, took Doss for a urine drug test. The sample tested positive for a prescription barbiturate medication, and the lab forwarded the results to Chris Wilburn, the City's Employee Assistance Program Coordinator.

Wilburn discussed this positive result with Doss. In response, Doss furnished a letter and a prescription dated December 23, 1999 for a drug, which could have caused this result. But Doss could not produce the bottle for this prescription. She told Wilburn that she put a lot of her old medicines in a bottle together. Wilburn concluded that Doss either took medicine for which she did not have a prescription or was irresponsible in taking medicine under a three-year-old prescription that she "was no longer under physician care for." He concluded that either of these actions would constitute a violation of the City's Drug Policy. Wilburn put his conclusions into an e-mail, which he sent to Captain Ben Herron of the police department.

After Police Chief Flynn learned of the situation, he conferred with Wilburn, reviewed the SOP and discussed the City's drug policy with City Human Resources Director Beth Robinson. Flynn ultimately concluded that there was "a bona fide violation of the policy," and that the policy was "more restrictive for police employees than for other city employees." As a result, he decided to terminate Doss's employment.

On October 17, 2002, Doss received a written Suspension Prior to Dismissal Notice from Flynn, listing as the cause "Violation of City/Dept policy," specifically "HR-017 (Alcohol and Chemical Use Policy)." Doss appealed, and was given a pre-termination hearing. City Manager Michael Brown, Flynn, and Robinson attended the

hearing with Doss. At the hearing, Doss received a copy of a memo from Herron detailing the accident and subsequent incidents. She was given the opportunity to respond to the memo and to state any disagreement she had with Herron's version of events. Brown told her that he believed that she exhibited poor judgment in mixing her medications. Doss told Brown that she agreed that she had used poor judgment in some respects, but did not believe that it warranted termination. She asked Brown some questions about the chain of custody on the urine used for her positive test and requested that he investigate these matters. Brown adjourned the meeting and asked Wilburn and Robinson to review the procedures used for Doss's test to make sure everything was correct. Subsequently, Brown decided to uphold Flynn's recommendation of termination, and wrote Doss a letter informing her of this decision and of her right to pursue an appeal with the Civil Service Board. She did not appeal her termination to the Board.

Doss, however, filed for unemployment with the Georgia Department of Labor, which provided her a notice saying that "available facts" showed that she did not violate her employer's drug-free workplace policy and thus was eligible to receive benefits. In addition, she filed a charge with the EEOC, asserting sexual discrimination and sexual harassment by defendant Capers, who at one time was her superior, and others. The EEOC ultimately issued her a right to sue.[1] Doss subsequently filed this suit and on appeal argues error in the trial court's order of summary judgment on her claims.

In order to prevail on their motion for summary judgment, the defendants were required to show the absence of any genuine issue of material fact entitling them to judgment as a matter of law. "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Footnote omitted.) *Wallace v. Wal-Mart Stores*, 272 Ga. App. 343 (612 SE2d 528) (2005). Once the defendant does so, "the burden shifts to the nonmoving party to point out specific evidence giving rise to a triable issue." (Footnote omitted.) *Norby v. Heritage Bank*, 284 Ga. App. 360, 361 (644 SE2d 185) (2007).

1. Doss first asserts that the trial court erred in granting summary judgment on her claim that she was deprived of her right to employment without due process of law under Count 1. She asserts that as a public employee she has a property interest in her job and

---

[1] In addition, on June 20, 2006, the Peace Officer Standards and Training Council issued an order administratively dismissing a proposed action against her certification to practice as a law enforcement officer.

can only be dismissed for cause citing *Maxwell v. Mayor &c. of Savannah*, 226 Ga. App. 705, 707 (1) (487 SE2d 478) (1997). See also *Camden County v. Haddock*, 271 Ga. 664, 665 (1) (523 SE2d 291) (1999) (discussing due process claim under the state constitution). In *Maxwell*, this Court noted that "[u]nder Georgia law a public employee has a property interest in her job whenever she may only be dismissed for cause." (Citation and punctuation omitted.) 226 Ga. App. at 707 (1). There, the only evidence demonstrated that the plaintiff, a City of Savannah police officer, could be dismissed for "good cause," and no evidence was presented that the plaintiff was an employee at will. Id. The trial court found that this evidence was sufficient to withstand summary judgment on the issue of whether the plaintiff had a property interest in his employment, although the Court ultimately determined that no due process liability existed. Id.

The evidence in this case demonstrates that the City's Employee Handbook,[2] revised after the *Maxwell* decision, now clearly states that it does not "constitute an expressed or implied contract." It further notes that a city employee "may separate from his/her employment at any time; the City of Savannah reserves the right to do the same." This is a clear statement of an at will employment relationship. See *Wilson v. City of Sardis*, 264 Ga. App. 178, 179 (1) (590 SE2d 383) (2003).

Doss argues that portions of the SOP setting out procedures to be followed for disciplinary matters created a requirement that she could only be terminated for cause, and notes that the City followed these procedures to find a ground to support her termination.[3] She argues that the SOP was the only policy that governed her termination, noting that Flynn replied in the negative when he was asked, "Did you look to at the time of Chris Doss's accident any other policy other than the SOP policy regarding drug and alcohol abuse?" But this question arose in the context of other questions regarding Flynn's conversations with Wilburn about the positive drug test. We note that Flynn also testified that he contacted City Human Resources Director Robinson to discuss "the City's policy with regard to employees who are impaired by alcohol or chemicals." It is clear that he considered the City policy in deciding to recommend Doss's termination because he concluded that it imposed a higher standard on police personnel, than on other City employees. And Doss's notice of suspension pending termination specifically cites a City human resources policy, not the SOP. Thus, the record demonstrates that

---

[2] This handbook was sent to the police department for distribution to every employee.

[3] In addition, Doss was notified that she had a limited post-termination right of appeal to the Civil Service Board.

Doss was subjected to the same policies as any other City employee, including the notice in the City Handbook that her employment is terminable at will.

Nevertheless, construing the evidence in the light most favorable to Doss, we find that an issue of fact exists as to whether the SOP provided Doss with a property interest in her employment. This Court previously found that the existence of similar disciplinary policies, along with evidence that the policy referred to termination for "just cause," and testimony that the parties understood that cause was required for termination constituted "some evidence" of a property right to employment. *DeClue v. City of Clayton*, 246 Ga. App. 487, 489 (540 SE2d 675) (2000). The Court found that this evidence, when considered in conjunction with the Clayton city employee manual providing that employment with the city was terminable at will, prevented a finding as a matter of law that the plaintiff had a property right in her employment. Id. at 490. Conversely, we find that the SOP and other city policies as applied in this case prevent a finding as a matter of law that Doss's employment was terminable at will.

But even assuming a property right, we find that the trial court properly granted summary judgment to the defendants. As there is no evidence or allegation that Capers had any involvement in Doss's termination, he was clearly entitled to summary judgment on Count 1. And we find that Flynn is entitled to qualified immunity as to any due process claim. *Maxwell v. Mayor &c. of Savannah*, 226 Ga. App. at 707-709 (1). As in *Maxwell*, Doss was provided pre-termination notice and hearing, and she was given a post-termination avenue for appeal, although she chose not to pursue it. After reviewing the record before us, we find that Doss will be unable to demonstrate any violation of the applicable due process standards. Id. See also *Camden County v. Haddock*, 271 Ga. at 665-666 (1); *Norris v. Henry County*, 255 Ga. App. 718, 719 (1) (566 SE2d 428) (2002).

Further, interpreting Doss's claim as one under 42 USC § 1983, the City was also entitled to summary judgment because local governments cannot be held liable under § 1983 on a respondeat superior theory, and there was no evidence of any deliberate and official policy or custom which violated Doss's due process rights. See *Monell v. Dept. of Social Svcs. &c.*, 436 U. S. 658, 690-691 (98 SC 2018, 56 LE2d 611) (1978); *Brown v. Dorsey*, 276 Ga. App. 851, 853 (625 SE2d 16) (2005).

2. Doss next asserts that the trial court erred in granting summary judgment on her claims under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-5 et seq., under Counts 2 and 3.[4]

In order to file suit under Title VII, a plaintiff must first file a charge with the EEOC. See 42 USC § 2000e-5 (e). Federal law requires that such charges be in writing under oath or affirmation. 42 USC § 2000e-5 (b). Summary judgment is proper where a plaintiff fails to properly verify her charge and does not attempt to amend the charge to correct this error, even if the EEOC issues the plaintiff a right-to-sue letter. *Vason v. City of Montgomery, Ala.*, 240 F3d 905, 907 (11th Cir. 2001). See also *Edelman v. Lynchburg College*, 535 U. S. 106, 107 (122 SC 1145, 152 LE2d 188) (2002) (verification requirement for protection of employers). Doss did not sign her charge, under oath or otherwise, and there is no evidence that she attempted to amend her charge to provide such verification. Instead, her attorney signed the charge on her behalf under the form's verification language. The Eleventh Circuit has determined that an attorney's signature is insufficient to meet the mandatory verification requirements, and that summary judgment is proper in such a case. "Although the applicable regulations allow charges of discrimination to be filed on behalf of a person, see 29 CFR § 1601.7 (a), the regulations do not dispense with the requirement that a plaintiff verify the facts supporting a claim, see 29 CFR § 1601.9." *Fry v. Muscogee County School Dist.*, 150 Fed. Appx. 980, 982 (11th Cir. 2005). The defendants were therefore entitled to summary judgment on this basis.[5]

3. Doss also contends that the trial court erred in granting summary judgment on her negligent retention, hiring and supervision claim under Count 5 of the complaint. The City was entitled to summary judgment on the ground of sovereign immunity. Employment decisions, including the retention, hiring and supervision of employees, "necessarily require consideration of numerous factors and the exercise of deliberation and judgment. They are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing." (Citation and punctuation omitted.) *Ga. State Bd. of Pardons and Paroles v. Finch*, 269 Ga. App. 791, 794 (2) (605 SE2d 414) (2004). Doss failed to carry her burden of establishing any waiver of this immunity, as

---

[4] Title VII claims are asserted against the employer, not individual employees, as Doss conceded below. See *Hinson v. Clinch County, Ga. Bd. of Ed.*, 231 F3d 821, 827 (11th Cir. 2000). Thus Flynn and Capers are entitled to summary judgment on this ground alone.

[5] Although the regulations appear to contemplate that the EEOC may independently verify the claims where they are brought on behalf of someone else, 29 CFR § 1601.7 (a), we find that after the defendants demonstrated Doss's failure to verify the charge, she had the burden of proving that an EEOC verification occurred in lieu thereof. She failed to carry this burden.

she does not address any immunity issues with regard to this claim.[6] See *Murray v. Ga. Dept. of Transp.*, 284 Ga. App. 263, 265 (2) (644 SE2d 290) (2007) (party seeking to benefit from waiver of sovereign immunity has the burden of proof to establish waiver). Similarly, Doss failed to present evidence to overcome Flynn's official immunity on these claims. See *Middlebrooks v. Bibb County*, 261 Ga. App. 382, 386 (2) (582 SE2d 539) (2003). Thus, the trial court properly granted summary judgment on this claim.[7]

4. Doss next alleges error in the trial court's grant of summary judgment on her defamation claims under Count 4. The City is entitled to the protection of sovereign immunity on the claim of defamation, as Doss has failed to establish any waiver of this immunity. *City of Atlanta v. Heard*, 252 Ga. App. 179, 181 (1) (555 SE2d 849) (2001).

Doss alleges that Flynn made defamatory statements in a memo to Robinson, in reports to the Department of Labor and to POST, and in other documents whose authorship is unclear.[8] We agree with Flynn that the evidence fails to present a triable issue of fact on these claims. Flynn's memo to Robinson was internal and no evidence exists that it was published outside the City government. Therefore, it cannot provide a basis for Doss's claim of defamation.[9] *Kurtz v. Williams*, 188 Ga. App. 14, 15 (3) (371 SE2d 878) (1988). And even if we assume that Flynn could be charged with authoring the report to the Department of Labor, such reports are absolutely privileged, and cannot provide a basis for a defamation claim. *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 75 (3) (532 SE2d 463) (2000); OCGA § 34-8-122 (a). And as the report to POST occurred on November 4, 2002, more than a year before Doss filed this suit, any claim as to that document is barred by the applicable one-year statute of limitation. *McClesky v. Vericon Resources*, 264 Ga. App. 31, 33 (2) (589 SE2d 854) (2003); OCGA § 9-3-33.

---

[6] In fact, Doss included this state law claim in the portion of her brief addressing her Title VII claims, and thus raises no specific argument regarding negligent retention, supervision or hiring.

[7] Doss failed to present any evidence to support any of her state law claims – negligent retention, hiring, and supervision; defamation; or breach of contract – against Capers, and the trial court properly granted summary judgment in his favor on these claims.

[8] Although Doss asserts that unidentified prospective employers *may* also have received defamatory communications, this fails to state a triable issue. See *Empire Shoe Co. v. NICO Indus.*, 197 Ga. App. 411, 414 (2) (398 SE2d 440) (1990) ("[a]llegations, conclusory facts, and conclusions of law cannot be utilized to support or defeat motions for summary judgment") (citations and punctuation omitted).

[9] Similarly, one of the other documents Doss cites as defamatory is a report to the City of Savannah Central Examining Unit, an intra-City communication. No evidence exists that external publication occurred.

Accordingly, the trial court did not err in granting summary judgment on Doss's defamation claims.

5. We find no merit to Doss's assertion that the trial court erred in granting summary judgment on her breach of contract claim. Even if Doss were able to establish that the City failed to follow its own procedures in connection with her termination, this Court has held that such evidence does not give rise to a breach of contract claim. "[U]nder Georgia law, personnel manuals stating that employees can be terminated only for cause and setting forth termination procedures are not contracts of employment; failure to follow the termination procedures contained in them is not actionable." (Citations omitted.) *Jones v. Chatham County*, 223 Ga. App. 455, 459 (5) (477 SE2d 889) (1996). Further, there is no evidence of a contract, implied or otherwise between Doss and Flynn individually. Accordingly, we affirm the grant of summary judgment under Count 6 of the complaint.

6. Given our holdings above, we find that the trial court properly granted summary judgment on Doss's claims for punitive damages under Count 7 and for attorney fees under Count 8 on the ground of stubborn litigiousness. We also affirm the grant of summary judgment on Count 9 of the complaint, as we find that Doss has failed to state a triable claim under "29 U. S. C. § 1983" as alleged in the complaint, because no such statute exists, and she has failed to assert any other triable claim under 42 USC § 1983.

*Judgment affirmed. Ellington, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED MARCH 28, 2008.

*Denise D. VanLanduyt*, for appellant.

*Oliver, Maner & Gray, Patricia T. Paul, Patrick T. O'Connor, Weiner, Shearouse, Weitz, Greenberg & Shawe, Malcolm Mackenzie III, Anthony R. Casella, James B. Blackburn*, for appellees.

