**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 30, 2013**

# In the Court of Appeals of Georgia

A13A1456, A13A1457. CITY OF ST. MARYS et al. v. BRINKO; and vice versa.

ELLINGTON, Presiding Judge.

After being terminated from her job with the City of St. Marys, Janet Brinko sued the city, the city manager, the mayor, members of the city council, and a city employee (collectively, "the defendants"). In her complaint, Brinko alleged that the defendants wrongfully terminated her employment, defamed her, and interfered with her employment contract (the "tort claims"). She also alleged that the city had violated her due process rights by denying her request for a post-termination hearing (the "due process claim").

The defendants jointly filed a motion for summary judgment, asserting that Brinko could not prevail on her claims because, among other reasons, she was an at-

will employee with no employment contract. Following a hearing, the trial court granted summary judgment to the defendants on Brinko's tort claims, but denied their motion for summary judgment on the due process claim. The court also granted, sua sponte, summary judgment to Brinko on her due process claim and ordered the defendants to provide her with a post-termination hearing.

In Case No. A13A1456, the defendants appeal from the trial court's grant of summary judgment to Brinko on her due process claim and from the court's denial of their motion for summary judgment on that claim. In Case No. A13A1457, Brinko cross-appeals from the trial court's grant of summary judgment to the defendants on her tort claims. For the following reasons, we reverse the court's grant of summary judgment to Brinko on her due process claim, reverse its denial of summary judgment to the defendants on the due process claim, and affirm its grant of summary judgment to the defendants on Brinko's tort claims.

"In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law." (Citation omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006). Under OCGA § 9-11-56 (e), when a party

moves for summary judgment and supports his or her motion by submitting affidavits, depositions, or answers to interrogatories, the opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." On appeal, the appellate court reviews the grant or denial of summary judgment de novo. *Benton v. Benton*, 280 Ga. at 470. So viewed, the record shows the following undisputed facts.

From 2002 until July 15, 2010, Brinko was employed by the Convention and Visitors Bureau of the City of St. Marys. Throughout this period, Brinko did not have a written employment contract. According to Brinko, however, she and the city had an oral employment agreement for a term of 50 years. In July 2010, Bill Shanahan, the City Manager and Brinko's supervisor, placed her on administrative leave. Then, during a meeting on July 15, Shanahan and the city's Human Resources Director, Donna Folsom, notified Brinko that her employment was being terminated, effective immediately.

The next day, Brinko notified the city that she was appealing her dismissal and requested a hearing, pursuant to Policy 26 B of the city's Personnel Policy Manual.[1] The city responded that a hearing had been scheduled for Tuesday, August 3, that its witnesses would be Folsom and Shanahan, and that Shanahan would also be serving as the hearing officer. On July 29, Brinko sent a letter to Shanahan in which she objected to him serving as both a witness and the hearing officer; she requested that the city provide her with a "fair" hearing, i.e., with someone other than Shanahan serving as the hearing officer. The city did not respond to Brinko's objection, but, instead, notified her on July 30 that the city had designated her appeal as having been withdrawn. According to the city, Brinko had failed to timely submit certain documents, including an evidence list, a list of witnesses, and a written statement explaining why her termination violated the city's policies or was otherwise unlawful, at least three business days prior to the hearing date (i.e., by Thursday, July 29), as

---

[1] Policy 26 B provides that an employee whose employment has been terminated is entitled, upon request, to a hearing with the city manager or his designee, during which the employee may be represented by an attorney and may present evidence and cross-examine adverse witnesses in order to demonstrate that his or her termination was not in compliance with the city's personnel policies or that it was otherwise unlawful. Following the hearing, the city manager or his designee will issue a ruling either affirming, modifying, or reversing the termination decision, and this ruling is final and unappealable.

required by policy 26 B, section B (3) of the city's policy manual.[2] Brinko then filed the instant suit against the city, Shanahan, Folsom, and other city officials.

*Case No. A13A1456*

1. The defendants contend that the trial court erred in denying their motion for summary judgment on Brinko's due process claim because the undisputed evidence shows that Brinko was an at-will employee and, as a result, she had no protected property interest in her employment. We agree.

A public employee's claim that an employer violated his or her procedural due process rights must fail unless the employee had a protected interest in his or her employment. *West v. Dooly County School Dist.*, 316 Ga. App. 330 (1) (729 SE2d 469) (2012).

---

[2] The section states, in relevant part, that,
[n]o later than three (3) working days prior to such hearing, the employee and the decision-maker shall provide the City Manager or his/her designee a list of the witnesses and evidence they anticipate they will present at the hearing as well as a written statement specifying why the suspension, demotion or termination was not in compliance with the termination policy or is in error. Failure to provide the witness [list], evidence list and written statement will be considered to be a withdrawal of the appeal.

5

A party is not entitled to procedural due process where the interest which would be impaired by governmental action does not involve that party's protect[ed] interest in life, liberty,[3] or property. State law determines whether a public employee has a property interest in his or her job, and defines the dimensions of such interest. Consequently, we must look to Georgia law to determine whether [Brinko] had a property interest in [her] job.

(Citations and punctuation omitted.) Id. at 331 (1).

Under Georgia law, a public employee has a property interest in employment when that employee can be fired only for cause. In the absence of a contractual or statutory "for cause" requirement, however, the employee serves "at will" and may be discharged at any time for any reason or no reason, with no cause of action for wrongful termination under state law. Such "at[-]will" employees have no legitimate claim of entitlement to continued employment and, thus, have no property interest protected by the due process clause.

(Punctuation and footnote omitted.) *Wilson v. City of Sardis*, 264 Ga. App. 178, 179 (1) (590 SE2d 383) (2003).

---

[3] On appeal, Brinko contends that, in addition to asserting a due process claim based upon an alleged violation of her property interest in her employment, her complaint also asserted a claim for violation of her "liberty" interest without due process. The record, however, does not support her contention, nor does it show that the trial court ruled upon such a due process claim. Accordingly, this contention presents nothing for this Court to review.

In this case, the undisputed evidence in the record shows that Brinko did not have a valid contract of employment with the city and that her employment was terminable at will. In fact, the city's Personnel Policy Manual specifically states, in relevant part, as follows:

> The City of St. Marys is an *at-will-employer* pursuant to Georgia law. While it is the City's goal to provide employees and supervisors with beneficial programs, policies, and procedures, all of the City's programs, policies, and procedures are dependent on economic and political considerations and may be changed from time to time by the City at its discretion. *Since the Manual is advisory in nature, it creates no contractual obligations on the part of employees, supervisors, or the City and does not alter the at-will relationship. Employees and supervisors are free to quit at any time and for any reason, and the City has the same right to end the employment relationship.* Employees must read and sign the City of St. Marys Employee Handbook upon being hired, which makes them aware of the Employer-at-will relationship.

(Emphasis supplied.) This is an affirmative and unequivocal statement that an at-will employment relationship existed between Brinko and the city. See *Doss v. City of Savannah*, 290 Ga. App. 670, 673 (1) (660 SE2d 457) (2008) (physical precedent only) (The city's Employee Handbook specifically stated that it did not "constitute an expressed or implied contract" and that a city employee "may separate from his/her

7

employment at any time; the City of Savannah reserves the right to do the same."

Thus, the handbook provided that the plaintiff's employment was terminable at will.)

(citation and punctuation omitted). Further, Brinko has failed to demonstrate that

another policy in the city's personnel manual, any other official city document, or any

ordinance or statute altered her status as an at-will employee and provided that she

could only be fired for cause.[4]

It follows that, because Brinko's employment was terminable at will, she did

not have a protected property interest in her continued employment that was subject

to procedural due process. *Wilson v. City of Sardis*, 264 Ga. App. at 179 (1); see

*DeClue v. City of Clayton*, 246 Ga. App. 487, 489-491 (1) (540 SE2d 675) (2000)

(Because the employee did not have a property interest in his employment, the city

did not violate his due process rights by terminating his employment without notice

---

[4] See *Reid v. City of Albany*, 276 Ga. App. 171, 171-172 (1) (622 SE2d 875) (2005) (Even if the city's personnel policies included provisions for hiring, disciplining, firing, and due process that were intended to ensure that its employees were treated fairly, as alleged by the plaintiff, such policies did not alter his status as an at-will city employee who was barred from recovering on a claim that he was wrongfully discharged in violation of his due process rights.); cf. *Doss v. City of Savannah*, 290 Ga. App. at 674 (1) (physical precedent only) (Although the city's Employment Handbook clearly stated that its police officers could be terminated at will, the police department's Standard Operating Procedures Manual provided that officers could only be terminated for cause. Thus, a jury issue existed as to whether the plaintiff was an at-will employee.).

8

and a hearing.). Accordingly, the trial court erred in granting Brinko's motion for summary judgment[5] and in denying the defendants' motion for summary judgment on her due process claim.

2. Given our decision in Division 1, supra, the defendants' remaining enumerated errors are moot.

*Case No. A13A1457*

3. Brinko contends that the trial court erred in granting summary judgment to the defendants on her tort claims. We find that this contention lacks merit for the reasons and authority given in the trial court's order and the defendants' brief. Further, the record supports the court's order, and no reversible error of law appears. Finally, there is sufficient existing legal precedent that is adverse to Brinko's contentions, so an opinion in this case would have no precedential value.

---

[5] We note that, in ruling that the defendants were not entitled to summary judgment on Brinko's due process claim, the court concluded that such ruling "*necessarily* means [that Brinko] is entitled to prevail on it[.]" (Emphasis supplied.) The court cited to no authority in support of this conclusion, and this Court is not aware of any such authority. On the contrary, the denial of a motion for summary judgment is simply a ruling that the movant is not entitled to summary judgment because there are genuine issues of material fact that require resolution by a jury. See OCGA § 9-11-56 (c). It does not *necessarily* mean that the opposing party is entitled to summary judgment, and the trial court erred in reaching such a conclusion in this case.

9

Accordingly, we affirm the court's grant of summary judgment to the defendants on Brinko's tort claims, pursuant to Court of Appeals Rule 36.

*Judgment reversed in Case No. A13A1456. Judgment affirmed in Case No. A13A1457. Phipps, C. J., and Branch, J., concur.*