[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10930

Non-Argument Calendar

_____

VANESSA A. PHILLIPS,

Plaintiff-Appellant,

versus

MACON BIBB COUNTY GOVERNMENT,

Defendant-Appellee,

MACON BIBB TAX COMMISSIONERS,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00355-TES

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Vanessa Phillips was fired from her job as a residential appraiser with the Macon-Bibb County Tax Assessor's Office. After she was fired, she sued the county pro se, bringing several claims under Title VII of the Civil Rights Act and the Due Process Clause of the Fourteenth Amendment. The district court determined that Phillips had failed to state a claim. We agree, and we affirm the district court's dismissal of Phillips's complaint.

## I.

On February 3, 2021, a work-related incident occurred between Phillips and a taxpayer. Over the next two weeks, she was suspended and then ultimately fired. She filed for unemployment benefits from the State of Georgia, but her application was denied because she had been fired for violating her employer's policies.

Phillips filed a complaint with the EEOC, alleging that she had been fired because of her race and in retaliation for opposition to unlawful employment practices. The EEOC declined to further investigate the claim. Phillips then brought this lawsuit.

The county moved to dismiss the complaint, and the district court found that Phillips had filed an impermissible shotgun pleading and ordered her to file an amended complaint. She did so, alleging discrimination on the basis of race, malicious persecution, malicious prosecution, and violations of due process—and seeking over $800,000 in damages and reassignment and reprimand of two county employees. On the county's motion, the district court dismissed the amended complaint. The court reasoned that Phillips had failed "to allege facts that support her claims for relief" but only offered "legal conclusions couched as factual allegations." It then walked through each of Phillips's claims, finding them all deficient. Phillips appealed.

## II.

We review a dismissal for failure to state a claim de novo, accepting the complaint's factual allegations as true. *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1345 (11th Cir. 2022). To survive a motion to dismiss, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [W]e are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quotation omitted).

Phillips's Title VII claims are a textbook example of legal conclusions couched as factual allegations. She asserts that she was

4                    Opinion of the Court                    22-10930

"thoughtlessly suspended and terminated" because she is "not White" and "from a different culture." But she never provides any specific allegations that would suggest that she was actually fired because of her race, and not because of the February 3 incident. Nor does she allege any facts to suggest that she was fired because she engaged in a protected activity, as is required to state a Title VII retaliation claim.[1] And as for her Title VII malicious prosecution claim, no such claim exists, and we—like the district court—cannot see how to reframe it as a viable claim.[2]

Phillips's Due Process claims fare little better. She claims that she was entitled to notice and a hearing before her termination. But—as Phillips herself recognizes—an individual is only entitled to due process before being fired if she has a property interest in continued employment. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576–78 (1972). And state law determines whether such a property interest exists. *Id.* "Under Georgia law, a public employee has a property interest in employment when that employee can be fired only for cause."

---

[1] Like the district court, we liberally construe Phillips's claim for "malicious persecution" under Title VII as a retaliation claim.

[2] Across several of her claims, Phillips appears to advance a theory that the county allegedly provided false information that led to the denial of her unemployment benefits. But even if we liberally construe these accusations of "malicious prosecution," "defamation," "vilification," and "denial of due process" as advancing a single legal theory, she has still alleged no facts that—if true—would prove this theory.

22-10930                Opinion of the Court                5

*City of St. Marys v. Brinko*, 324 Ga. App. 417, 420 (Ga. Ct. App. 2013) (quotation omitted). If an employee may be fired at will, then that employee has "no property interest protected by the due process clause." *Id.* (quotation omitted).

Phillips herself states that "the state of Georgia is an At-Will employer," and she does not allege that she had any contractual protections form being fired at will. Instead, she appears to argue that she was entitled to due process because the county gave a reason or "cause" for her termination. But "for cause" refers to a legal protection, not to whether the employer explained a firing decision. An employee does not suddenly acquire a property interest in her employment just because her employer chooses to explain its reasoning for firing her. Phillips has not alleged facts suggesting that she had a property interest in her job, and she therefore failed to state a claim that she was entitled to due process.

Finally, Phillips argues that the county violated her Due Process rights because she was denied unemployment benefits. But the county did not deny her unemployment benefits—the Georgia Department of Labor did. The Georgia Department of Labor's absence from this case alone forecloses this claim.

\*      \*      \*

A federal lawsuit cannot proceed unless the plaintiff alleges specific facts that would demonstrate that the defendant violated the law. Because Phillips failed to meet this standard, we **AFFIRM** the district court's dismissal of her complaint.