## 74489. ROGERS v. GEORGIA PORTS AUTHORITY.
(358 SE2d 855)

BIRDSONG, Chief Judge.

Summary Judgment — Employee Benefits. Rogers was employed by The Georgia Ports Authority in 1975 as a checker. In March 1976, he was given an employee benefits manual published by the Authority. When the manual was distributed, all employees in Rogers' section were briefed on the contents of the manual. Rogers conceded he

was aware of the contents of the manual and had read it and discussed various provisions of the manual over the years. The manual provided that in the event of a work-related injury, the Authority would pay the difference between the actual pay to which the employee was entitled and the amount of workers' compensation received during the period of disability up to a maximum of 13 weeks plus time equal to accrued-but-unused annual and sick leave. The manual also provided that a permanent employee would be terminated only under certain specified conditions.

On February 11, 1981, Rogers sustained a disabling injury to his back. Apparently Rogers continued to work but in a restricted manner. On or about March 31, Rogers was ordered to handle the movement of 100-pound bags of peanuts. His supervisor deposed that a doctor's certificate was available indicating that Rogers could handle loads up to 200 pounds. Nevertheless, Rogers declined to move the bags averring that he was physically unable to perform such rigorous work. The supervisor deposed that he considered Rogers was refusing to do the work even though he was capable, in spite of Rogers' contention that the work was too strenuous. Nevertheless, the reason given for Rogers' termination was that Rogers was unable to perform the duties of a laborer, a job to which he had been classified several years earlier. There is uncontested deposition testimony by the supervisor that, at the time of his discharge, Rogers was advised or reminded of the manual provisions for utilizing the established grievance procedure if Rogers believed the termination was unfair or improper. Rogers did not avail himself of the established privilege.

After his termination Rogers sought legal advice and concluded that he (Rogers) was a "permanent" employee who had not been discharged in accordance with the terms of the employee manual. Therefore, he sought reinstatement, as well as the payment of supplemental salary payments until his reinstatement. The Authority interpreted the employee manual as not contemplating payments after an employee had been terminated. The Authority therefore declined to reinstate Rogers or pay him any supplemental salary. Rogers filed a complaint against the Authority seeking reinstatement as a checker, all intervening supplemental salary payments, and attorney fees and costs of litigation. The trial court granted partial summary judgment to Rogers holding that the employees' manual was tantamount to a contract and the contract provided for supplemental payments for the 13 weeks plus accrued sick and annual leave in the amount of $4,995.60. The court also ordered Rogers' reinstatement as an employee because the contract provided for termination for certain specific reasons, none of which Rogers fit. The court reserved for subsequent trial the issue of attorney fees and costs of litigation based upon bad faith or unnecessary trouble and expense.

The Authority brought an appeal to this court on all issues. This court concluded that in the absence of a definite period of employment, the employee manual did not bestow upon Rogers the status of a permanent, lifetime employee. Thus the employment was terminable at will. This court concluded that Rogers had been discharged lawfully and the trial court had erred in ordering Rogers' reinstatement and ordering payments of all benefits accruing between the time of the discharge and the court ordered reinstatement. However, this court in its opinion also concluded that the provisions of the employee manual contained plain, unambiguous language capable of only one reasonable construction as to the payment of supplemental benefits for the 13-week period plus accrued-but-unused leave time. Thus this court reversed the grant of partial summary judgment to Rogers as to the illegality of discharge, as to future employability, and in substance directed the grant of summary judgment as to those issues in favor of the Authority. We affirmed the grant of summary judgment to Rogers as to the payment of benefits in the amount of $4,995.60. Still pending was the issue of attorney fees and litigation costs. See *Georgia Ports Auth. v. Rogers*, 173 Ga. App. 538 (327 SE2d 511).

Upon remand, Rogers twice amended his complaint to seek punitive damages in the amount of $1,000,000 and mental pain and suffering in the amount of $25,000. Lastly he contended that the reason advanced for his termination contained false and slanderous reasons, i.e., that he was malingering rather than disabled. Rogers maintained he was entitled to a hearing to clear his name. The Authority moved for summary judgment as to all remaining issues which was granted by the trial court. Rogers brings this appeal enumerating six asserted errors. *Held*:

1. In enumeration 4, Rogers contends he was entitled to reinstatement and back pay because under the contract of employment he had a legitimate expectation of future employment, he was discharged without a hearing and thus without due process of law.

We will not for a second time consider an issue that was finally decided between these same two parties. In our first opinion in this case, eo nomine, 173 Ga. App. 538, we held as a matter of law that Rogers' discharge was lawful and the trial court erred in ordering his reinstatement. There being no right to future employment following the lawful discharge under the contract, it follows there likewise could be no entitlement to reinstatement pay. A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. *Delta Air Lines v. Woods*, 137 Ga. App. 693, 695 (224 SE2d 763).

There is no merit in this enumeration.

2. The issue presented in enumeration of error 3 and partially referred to in enumeration 4 relates to the failure to afford Rogers a hearing and thus to deny him of a due process right.

As hereinbefore indicated, the employee's manual presented to Rogers prior to his discharge set forth the procedures for a grievance by the employee against the Authority. Rogers admitted he had read the manual and was familiar with those rights. At the time of his discharge, it is undisputed that Rogers was reminded of the right to present a grievance. It is equally undisputed that Rogers did not raise the issue of the failure to hold a hearing until long after his discharge.

Thus it is undisputed that Rogers was not deprived of an opportunity to invoke the grievance mechanism and present any concerns he might have had at the time of his discharge. Even though the unfolding of events demonstrates that Rogers did not avail himself of the grievance procedure, he clearly had that opportunity. Principles of due process require only appropriate notice and a reasonable opportunity to respond to or challenge grounds for unfavorable personnel actions. See *Goss v. Lopez*, 419 U. S. 565 (95 SC 729, 42 LE2d 725, 739). Under the facts presented by this case, Rogers "was accorded all that was necessary to guarantee him fair notice and an effective opportunity to respond both orally and in writing to the matters surrounding his termination. His failure to take advantage of the procedures made available to him clearly operates as a waiver of any future right to a hearing." *Downing v. Williams*, 645 F2d 1226, 1227 (5th Cir. 1981), adopting the dissent in *Downing v. Williams*, 624 F2d 612, 630 (5th Cir. 1980).

For Rogers to be entitled to a "name clearing" hearing, a "liberty" interest must be involved. *Whalen v. City of Atlanta*, 539 FSupp. 1202 (N.D. Ga. 1982). A liberty interest is involved when in the course of the termination, the employer makes charges that might seriously damage an employee's good name, reputation, honor and integrity or might impose a stigma that would foreclose the employee's freedom to take advantage of other employment opportunities and publicize those charges. *Board of Regents v. Roth*, 408 U. S. 564, 573 (92 SC 2701, 33 LE2d 548, 558). In order to prevail on his claim, Rogers had to show not only that the Authority collected defamatory information in connection with his termination but that the Authority publicized such information. The mere fact of discharge is insufficient to invoke a liberty interest in employment rights. *Whalen v. City of Atlanta*, supra p. 1208.

The record in this case makes it clear that the official reason given for Rogers' termination was his inability to perform his assigned duties. Although his supervisor when deposed several years later indicated that he believed Rogers was probably malingering, the official

reason given for discharge was inability and was not grounded upon a violation of the conduct code. In fact the supervisor concluded that if Rogers had performed as requested, Rogers would still be an employee. There is no indication that any of this information was disseminated to anyone other than those involved in the employer-employee relationship and who would have an official right to know the reasons for continued employment or discharge. Lastly we note that this court in the first resolution of this case concluded as a matter of law that the "sole ground for discharging [Rogers] was [Rogers'] inability to work due to his on-the-job injury." *Georgia Ports Auth. v. Rogers*, supra at p. 540. Thus in addition to our conclusion that Rogers has waived his right to a hearing, he likewise has shown no grounds for a hearing to clear his good name. This enumeration likewise lacks merit.

3. Rogers' enumerations 1, 2, 5 and 6 relate to the grant of summary judgment in the face of remaining issues of fact. As indicated we have found no merit to the claim for a name-clearing hearing nor to the reinstatement and payment of back wages. However, we experience difficulty in the grant to the Authority of summary judgment as to attorney fees and costs of litigation.

First of all, we observe that Rogers' claim for punitive damages as a deterrence in the amount of $1,000,000 and $25,000 for mental pain and suffering normally are not compensable in an ex contractu action in the absence of fraud in the inception as to which there is no contention. Damages ex contractu brought under OCGA § 13-6-11 are compensatory, not punitive or vindictive. *Bankers Fidelity Life Ins. Co. v. Oliver*, 106 Ga. App. 305 (126 SE2d 887). See also *Speir Ins. Agency v. Lee*, 158 Ga. App. 512 (281 SE2d 279). However, forcing a plaintiff to sue where no bona fide controversy exists causes unnecessary trouble and expense and would authorize attorney fees and costs of litigation. *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 753-754 (266 SE2d 531); *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (191 SE2d 317).

On the original appeal of this case, we held as a matter of law: "We find nothing in the manual's language which would allow appellant to avoid paying these benefits to an employee simply by discharging that employee on the very same grounds for which the employee sought the benefits. Therefore, we find no error in the trial court's order granting appellee's motion for partial summary judgment . . . on the issue of payment of benefits." *Georgia Ports Auth. v. Rogers*, supra at pp. 540-541. Thus as a matter of law, we found no reasonable excuse for the Authority to deny the supplemental pay. Even though this 13-week supplemental pay has been paid in obedience to the first judgment of this court, Rogers was compelled to incur legal expense and costs of litigation to enforce the right to which

he was entitled. Under such circumstances, the trial court erred in granting summary judgment to the Authority as to compensatory attorney fees and costs of litigation.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 1, 1987 —
REHEARING DENIED JUNE 17, 1987 —

*W. Douglas Adams*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, J. Robert Coleman, Daniel M. Formby, Senior Assistant Attorneys General, G. Paris Sykes, Patricia G. Griffith*, for appellee.