Elise Gelzer WHEELESS, Jane Gelzer Menendez, and John Franklin Gelzer, Jr., Plaintiffs,

v.

Carolyn D. GELZER, Defendant.

No. 1:89–CV–2177–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 26, 1991.

James Joseph Brissette, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for plaintiffs.

Jerry Byron Blackstock, Joseph Joel Mercer, Jr., David Graham Ross, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, Jr., District Judge.

This is an action seeking to set aside two transfers of ownership of certain stocks and securities as based upon fraud and undue influence. Plaintiffs seek rescission of the ownership transfers, the return of the stocks and securities to their deceased father's estate, and reimbursement for any accumulated dividends relating to the stocks and securities. Plaintiffs also seek recovery of attorney's fees expended in the bringing of this lawsuit.

Jurisdiction is vested with this Court pursuant to 28 U.S.C. § 1332. A pretrial conference has been held and a pretrial order drafted. The case is currently before the Court on Defendant's demand for a jury trial. The Court DENIES Defendant's demand.

## DISCUSSION

Defendant submits her demand for a jury trial pursuant to the Seventh Amendment to the United States Constitution and Fed.R.Civ.P. 38. The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." Rule 38 allows a party to "demand a trial by jury of any issue triable of right by a jury...."

In determining if the right to a jury trial exists in a particular case, courts have construed the Seventh Amendment as requiring a jury trial in those actions that are analogous to "[s]uits at common law." *Tull v. U.S.*, 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). In making this determination, courts examine the nature of both the action and the remedy sought. *Id.*

The basic consideration for determining when the right to a jury trial exists is the historical distinction between law and equity. For those claims which traditionally were cognizable at law, the right to a jury is historically preserved; for those claims which historically were considered equitable, no jury trial is mandated. *Phillips v. Kaplus*, 764 F.2d 807, 813 (1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986) (citing *In re Graham*, 747 F.2d 1383 (11th Cir.1984)).

Although in this case, the determination of the rights and remedies to which Plaintiffs are ultimately entitled is governed by Georgia law, *Id.* at 812, Defendant's right to a jury trial pursuant to the Seventh Amendment is governed by federal law. *Id.; Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). The three factors to be considered in making this determination were enumerated by the Supreme Court in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970): (1) the customary manner of trying such a case before the merger of law and equity in 1938; (2) the remedy sought by the plaintiff; and (3) the practical abilities and limitations of a jury in deciding the issue. *Id.* at 538 n. 10, 90 S.Ct. at 738 n. 10.

The third *Ross* factor is of little consequence. As the court noted in *Phillips*, the Supreme Court has ignored it in subsequent decisions, and "[w]hether or not this factor retains any vitality is indeed open to question." 764 F.2d at 814 n. 6. Regarding the first *Ross* factor, an action to rescind or cancel a contract or other instrument is traditionally one in equity. *Phillips*, 764 F.2d at 812 ("[T]he federal law is clear that an action for rescission is equitable, triable by the court without a jury."). In fact, under Georgia law as well, the power to cancel or set aside a transaction is codified as a grant of equitable jurisdiction. *See* O.C.G.A. § 23-2-60

("Fraud will authorize equity to annul conveyances, however solemnly executed."). Defendant does not contend otherwise.

Thus, a final determination regarding Defendant's demand turns upon consideration of the second *Ross* factor, the remedy sought. Plaintiffs seek rescission of the ownership transfers, return of the stocks and securities to their deceased father's estate, and reimbursement for any accumulated dividends relating to the stocks and securities. Plaintiffs also seek an award of attorney's fees in connection with the bringing of this lawsuit. O.C.G.A. § 13-6-11 provides for the award of attorney's fees where the "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense...."

■ In making her demand for a jury trial, Defendant admits that an action to rescind ownership transfer agreements such as the ones at issue in this case is traditionally an action in equity. However, she argues that Plaintiffs' additional claim for attorney's fees is a claim for damages, thus affording her the right to a jury trial. Here, Defendant argues that Plaintiffs' claim for attorney's fees is so "inextricably intertwined" with their equitable claims as to preclude characterization of the instant action as one in equity. *See* Brief in Support of Defendant's Demand for a Jury Trial, p. 9.

Plaintiffs, in contrast, contend that their additional claim for attorney's fees does not change the nature of the underlying action from one which is equitable in nature. Characterizing their request for attorney's fees as "incidental" to their equitable claims, Plaintiffs contend that Defendant is not thereby entitled to a jury trial. They further argue that the allowance of attorney's fees and money awards which are restitutionary in nature has long been within the power given the courts of equity.

The Court finds that a jury trial is not mandated in the present case. It is clear that the allowance of attorney's fees and other expenses as court costs has long been considered "part of the historic equity jurisdiction of the federal courts."

*Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). In *Sprague,* the Court stated:

> Plainly, the foundation for the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation.

*Id.* at 166, 59 S.Ct. at 780. In addition to having the power to award attorney's fees as costs, courts of equity have long been empowered to provide monetary awards that are restitutionary in nature and thus do not amount to legal relief. *Tull,* 481 U.S. at 424, 107 S.Ct. at 1839 ("a court in equity may award monetary restitution as an adjunct to injunctive relief").

Moreover, this Court has previously determined that since attorney's fees were not available at common law, no Seventh Amendment right to a jury trial is created by the mere inclusion of a request for attorney's fees. *See Griffin v. U.S. Postal Service,* 635 F.Supp. 190 (N.D.Ga.1986) (Hall, J.). In *Griffin,* a Postal Service employee brought an action against the Postal Service and his union for breach of a collective bargaining agreement. Therein, he requested relief in the form of backpay, deletion of a disciplinary action from his employment record, and attorney's fees and costs. In granting the union's motion to strike the employee's demand for a jury trial, this Court stated:

> "The Seventh Amendment provides for a right to trial by jury in 'suits at common law.' The jury trial right does not extend to legal claims not available at common law nor to cases where equitable actions and remedies are involved.
>
> In the instant case, as relief for his claim against the union, plaintiff seeks ... a declaration that the union breached its duty of fair representation ... and attorney's fees. As the former is equitable relief and the latter was not available at common law, the court concludes that the Seventh Amendment does not entitle plaintiff to a jury trial...."

*Id.* at 193.

At least one other court in this circuit has specifically held that where an action is

otherwise purely equitable in nature, the mere inclusion of a request for attorney's fees does not raise the right to a jury trial. *See Whiting v. Jackson State Univ.*, 616 F.2d 116 (5th Cir.1980). In *Whiting*, the court stated, "Perhaps it is not entirely accurate to label attorney's fees and costs as either equitable or legal. However, their inclusion does not raise the right to a jury in an otherwise purely equitable action." *Id.* at 122 n. 3.

This position is further supported by the findings of other courts in this circuit that where included in other types of actions, such as those brought under various federal statutory schemes, the inclusion of a request for attorney's fees does not give rise to a Seventh Amendment right to jury trial. *See, e.g., Wright v. Southeast Ala. Gas District*, 376 F.Supp. 780, 781 (M.D. Ala.1974) (in action brought pursuant to 42 U.S.C. § 1983, request for attorney's fees is equitable in nature); *Warner v. The Coca-Cola Co.*, Case No. 86-873-Civ-Orl-19, 1988 WL 72622, 1988 U.S.Dist. LEXIS 9432, 45 Empl.Prac.Dec. (CCH) P37,804 (where plaintiff seeks attorney's fees pursuant to federal statutory scheme, such a claim is considered equitable in nature); *Cohen v. Gulfstream Aerospace Corp.*, Civil Action No. 486-086, 1986 WL 9809, 1988 U.S.Dist. LEXIS 9727 (S.D.Ga.1986) (in Title VII action, the court's award of attorney's fees in conjunction with plaintiff's claims is equitable in nature).

Thus, this Court concludes that in the present case, the mere inclusion of a request for attorney's fees, where Plaintiff's other claims are exclusively equitable in nature, does not entitle Defendant to a jury trial pursuant to the Seventh Amendment.

Defendant argues that she is entitled to a jury trial because a claim for attorney's fees is considered a claim for compensatory damages under Georgia law. Defendant cites for support a number of Georgia

cases referring to attorney's fees as an item of "damages".[1] However, none of the cases cited by Defendant specifically concern the Seventh Amendment right to a jury trial or the equity/law distinction. Clearly, a court speaking in the context of general damages and in reference to O.C.G.A. § 13-6-11 would refer to the award of attorney's fees as "damages". However, in the absence of a specific discussion of the matter, certainly it may not be presumed that these courts in using such language intended to preclude use of the non-jury trial mechanism for the disposition of equitable claims, where those equitable claims also include a claim for attorney's fees, especially since such a claim is in fact compensatory in nature. *See Bowman v. Poole*, 212 Ga. 261, 262, 91 S.E.2d 770 (1956) ("Attorney's fees as expenses of litigation are not punitive or vindictive damages...."). The Court may not accept such an argument based solely upon semantic distinctions.

Nevertheless, Defendant also quotes the decision of the Supreme Court in *Tull, supra*, for the proposition that where "a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, *including all issues common to both claims*, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." Brief in Support of Defendant's Demand for a Jury Trial, p. 10 (quoting *Tull*, 481 U.S. at 425, 107 S.Ct. at 1839). However, *Tull* is factually very different from the case at bar. *Tull* involved two provisions of the Clean Water Act—one allowing injunctive relief against violators of the Act, the other subjecting violators to a civil penalty to be calculated on a per-day basis. The U.S. government as plaintiff asserted an equitable claim for injunctive relief, as well as a claim seeking the imposition of a civil penalty. The Court characterized this civil penalty as an item of damages, due to both its punitive nature and the fact that it was not, under any analysis, restitutionary in nature.

**1.** Specifically, Defendant cites *King v. Pate*, 215 Ga. 593, 596, 112 S.E.2d 589 (1960); *Rogers v. Ga. Ports Authority*, 183 Ga.App. 325, 329, 358 S.E.2d 855 (1987); and *Bankers Fidelity Life Ins. Co. v. Oliver*, 106 Ga.App. 305, 308, 126 S.E.2d 887 (1962). *See* Brief in Support of Defendant's Demand for a Jury Trial, p. 7.

Clearly, that case provides a poor analogy to the present case. In *Tull*, the government's civil penalty claim constituted a separate claim virtually unrelated to the injunctive relief sought. Such is not the case here. *See Brown v. Baker*, 197 Ga.App. 466, 467, 398 S.E.2d 797 (1990) (O.C.G.A. § 13-6-11 does not give rise to an independent cause of action). In fact, according to the court in *Tull*, the provision of the Clean Water Act at issue in that case

> does not intertwine equitable relief with the imposition of civil penalties. Instead each kind of relief is separably authorized in a separate and distinct statutory provision. Subsection (b), providing injunctive relief, is independent of subsection (d), which provides only for civil penalties.

*Id.* at 425, 107 S.Ct. at 1839. Indeed, the court found that the government could have commenced a separate lawsuit seeking imposition of the civil penalty. *Id.* Only upon such a finding of separateness did the court proceed to make the statement quoted in Defendant's Brief:

> *In such a situation,* if a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.

*Id.* (emphasis added). Thus, the determination by the court in *Tull* that where a legal claim is joined to an equitable claim, the right to jury trial exists, was based upon specific findings that, *in that case*, the civil penalties sought were punitive in nature, and the legal and equitable claims were completely separate and unrelated. Neither of these findings holds true in the present case. It is also noteworthy that in *Tull*, the equitable relief sought was modest, while the civil penalties would have amounted to $22 million. In the present case, in contrast, Plaintiffs' equitable claims total approximately $654,375.00 plus accumulated dividends, while their claim for attorney's fees totals approximately $100,000.00.[2]

The facts in *Tull* simply present a much different situation than that presented in this case. In contrast to the type of legal relief sought by the government there, Plaintiffs' claim for attorney's fees in this case may indeed be characterized as "incidental" to Plaintiffs' equitable claims. Even the court in *Tull*, prior to embarking upon the analysis quoted above, recognized the distinction between the two types of situations: "A court in equity was impowered to provide monetary awards that were incidental to or intertwined with injunctive relief.... [W]hile a court in equity may award monetary restitution as an adjunct to injunctive relief, it may not enforce civil penalties." *Id.* at 424, 107 S.Ct. at 1839.

## CONCLUSION

Having considered both parties' Briefs on the matter, the Court DENIES Defendant's demand for jury trial.

So ORDERED.

---

**2.** These approximate figures are based upon previous estimates presented by the parties, as well as the Briefs of the parties currently under consideration.