## S99A0672. OGLETHORPE DEVELOPMENT GROUP, INC.
### v. COLEMAN.
(516 SE2d 531)

HUNSTEIN, Justice.

Oglethorpe Development Group, Inc. (Oglethorpe), a commercial developer, presented a proposal to the Board of Commissioners of the City of Albany (the "Commissioners") concerning the operation of the city's civic center and construction of a hotel and conference center adjacent thereto. The Commissioners authorized Oglethorpe to obtain a feasibility study and in late March 1997, Oglethorpe requested to appear before the Commissioners to present the study. This request was denied on April 1. Oglethorpe then filed a petition for writ of mandamus seeking to compel Franklin Coleman, Mayor of the City of Albany, to place the issue on the Commissioners' agenda. Oglethorpe also sought monetary damages against Coleman in his individual capacity alleging that he deliberately prevented Oglethorpe from appearing on the agenda. Coleman filed motions for summary judgment as to both counts which the trial court granted. Oglethorpe appeals and we affirm.

1. To prevail on motion for summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and the undisputed facts warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In this case, Coleman presented evidence that under the city charter he, as mayor, had no duty or authority to set the agenda for the Commissioners' meetings. Because Oglethorpe offered no contrary evidence and mandamus will not issue to compel an officer to perform acts not within his official powers or duties, *Cozzolino v. Hubert*, 222 Ga. 43 (148 SE2d 435) (1966), the trial court properly granted summary judgment as to count one.

2. There is no merit to Oglethorpe's claim for monetary damages against Coleman in his individual capacity. Even assuming, arguendo, that Coleman had authority to set the Commissioners' agenda, such act constitutes an official act to which immunity would apply. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d); OCGA § 36-33-1. Oglethorpe has neither alleged nor presented evidence in support of a waiver of immunity. See OCGA § 36-33-4 (officer of municipal corporation shall be personally liable to one who sustains special damages as the result of an official act of such officer if done oppressively, maliciously, corruptly or without authority of law); *Gilbert v. Richardson*, 264 Ga. 744 (6) (452 SE2d 476) (1994) (state officers and employees shall not be subject to suit or liability for performing offi-

cial functions unless they perform ministerial acts negligently or perform ministerial or discretionary acts with malice or an intent to injure). Accordingly, we affirm the grant of summary judgment to Coleman as to the second count.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Leonard Farkas,* for appellant.

*Hodges, Erwin, Hedrick & Coleman, William A. Erwin, Al Grieshaber, Jr.,* for appellee.