A03A0896. REESE v. CITY OF ATLANTA et al.
(583 SE2d 584)

ANDREWS, Presiding Judge.
 Donald Reese claims the trial court erred by granting summary judgment against his suit bringing false arrest and imprisonment and malicious prosecution claims against the City of Atlanta and its police officer employee, E. B. Lane, and claims against the City for negligent hiring and retention of Officer Lane.[1] Because we find the City was entitled to governmental immunity and Officer Lane was entitled to official immunity, we affirm the grant of summary judgment.
 While Officer Lane was investigating a report that Reese had been scalping tickets outside the Georgia Dome, Reese reacted in a loud and agitated manner toward the officer, refused the officer's command that he leave the premises, and walked away from the officer toward another part of the premises while continuing to loudly protest the investigation. Because Reese refused to leave, the officer arrested him for criminal trespass. The charges were later dismissed because Officer Lane failed to appear in court. The negligent hiring and retention claims were based on allegations that the City knew or should have known Lane was not a competent officer.
 Under the doctrine of official immunity, Officer Lane was provided limited protection from being sued in his personal capacity for negligent acts taken within the scope of his official authority as a City police officer. *Cameron v. Lang*, 274 Ga. 122-125 (549 SE2d 341) (2001); *Gilbert v. Richardson*, 264 Ga. 744, 750 (452 SE2d 476) (1994). The doctrine provides that, while public agents or employees may be personally liable for negligent ministerial acts taken within

---

[1] In a previous appeal, we concluded that Reese's suit was filed within the applicable statute of limitation. *Reese v. City of Atlanta*, 247 Ga. App. 701 (545 SE2d 96) (2001).

the scope of their official authority, they are immune from personal liability for discretionary acts taken within that authority, unless such acts are performed with malice or an intent to injure. *Gilbert*, 264 Ga. at 752; *Cameron*, 274 Ga. at 123. "The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight." Id. at 123.

We conclude Officer Lane was exercising discretion within the scope of his authority as a City police officer when he investigated the complaint against Reese and subsequently arrested him for criminal trespass. Even if, as Reese argues, the officer's investigation and decision to arrest were flawed, the officer's decisions remained discretionary. *City of Atlanta v. Heard*, 252 Ga. App. 179, 182-183 (555 SE2d 849) (2001). Because there is no evidence that Officer Lane acted maliciously or with intent to injure, official immunity entitled him to summary judgment on the suit against him in his personal capacity. *Cameron*, 274 Ga. at 123-125; OCGA § 36-33-4.

The doctrine of governmental immunity also protected the City of Atlanta from liability for the actions of its employees, including Officer Lane. *Cameron*, 274 Ga. at 126-127; OCGA §§ 36-33-1; 36-33-3. Although the City could not assert the immunity of its employee as a defense, governmental immunity protected the City from suit unless the City waived its immunity by purchasing liability insurance as provided in OCGA § 36-33-1. *Cameron*, 274 Ga. at 126-127. There being no evidence that the City waived its immunity by purchase of insurance, the City was entitled to summary judgment on all the claims. *Cameron*, 274 Ga. at 126-127; *Heard*, 252 Ga. App. at 181.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JUNE 18, 2003.

*William J. Wright*, for appellant.
*Linda K. DiSantis, Chiquita T. Johnson, Tuwanda R. Williams*, for appellees.