S10A1267. JOINER et al. v. GLENN.
(702 SE2d 194)

THOMPSON, Justice.

Glenn filed suit against Joiner, the Mayor of Jefferson, Georgia, the members of the city council, and the city manager, alleging defendants violated his liberty interests because they denied him a name-clearing hearing after he was terminated as chief of police.[1]

---

[1] See generally *Brewer v. Schacht*, 235 Ga. App. 313, 316 (3) (509 SE2d 378) (1998) ("a plaintiff can recover for a deprivation of reputational liberty upon proof of the following elements: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing").

Glenn sought damages under OCGA § 36-33-4[2] and the due process clause of the Georgia Constitution, asserting the refusal to afford a name-clearing hearing was "without authority of law." Defendants moved for judgment on the pleadings, pointing out that a procedural remedy — the writ of mandamus — was available to plaintiff to cure the refusal to hold a name-clearing hearing. The motion was denied, but certified for immediate review. Thereupon, defendants sought, and we granted, this interlocutory appeal.

In *Camden County v. Haddock*, 271 Ga. 664 (523 SE2d 291) (1999), this Court stated:

> We interpret the due process clause under our State Constitution as providing the same procedural rights in public employment cases as the federal due process clause. Under both clauses, the state must give notice and an opportunity to be heard to a person deprived of a property interest. This Court has found that a public employee has a property interest in continued employment for due process purposes when a personnel manual provides that an employee can only be terminated for cause. Due process entitles the employee to a pre-termination hearing, but the employer's failure to provide one is not a constitutional violation under the due process clause if the state provides a later procedural remedy. The "focus of the procedural due process analysis is whether the state makes adequate procedures available — not whether the plaintiff takes advantage of those procedures and achieves a successful outcome."

Id. at 665 (citations and footnotes omitted). *Camden County* dealt with a property interest due process claim. The question posed by this case is whether the adequate state remedy analysis applies equally to a liberty interest due process claim.

In *Cotton v. Jackson*, 216 F3d 1328, 1330-1331, n. 1 (11th Cir. 2000), the Eleventh Circuit ruled that it does. In that case, following an investigation showing that plaintiff employee violated sexual harassment policies, defendant, the president of a state college, terminated plaintiff's employment. Plaintiff requested a hearing which was denied, and plaintiff brought a claim under 42 USC § 1983 for reputational damage sustained in connection with the termination of his employment. The court held that the failure to hold a name-clearing hearing was cured by the availability of a procedural remedy, i.e., mandamus. It reasoned that plaintiff could

---

[2] This Code section provides that municipal officers can be held liable for official acts "if done oppressively, maliciously, corruptly, or without authority of law."

have used a mandamus action to ensure that he was not deprived of his due process rights. Based on that reasoning, the appellate court concluded that defendant was entitled to summary judgment on plaintiff's claim that his liberty interest was violated.

Like the Eleventh Circuit, we see no reason to differentiate between a property interest and a liberty interest in this context. See generally *Brewer v. Schacht*, supra at 235 Ga. App. 313; *Rogers v. Georgia Ports Authority*, 183 Ga. App. 325 (358 SE2d 855) (1987). Accordingly, we hold that a writ of mandamus is a procedural remedy which cures defendants' failure to provide plaintiff with a name-clearing hearing. It follows that the superior court erred in denying defendants' motion for judgment on the pleadings.

The dissent's attempt to characterize this case as something other than a procedural due process claim rings hollow.[3] The complaint makes it abundantly clear that Glenn sought damages (and punitive damages) for defendants' decision to deny him a name-clearing hearing in violation of his due process rights. Thus, Glenn's claim springs only from defendants' refusal to afford Glenn his right to due process under the federal and state Constitutions — and nothing more.

*Judgment reversed. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Melton, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

I must respectfully dissent because the "adequate state remedy" doctrine adopted by the majority is not applicable to damages actions brought under OCGA § 36-33-4. I would therefore hold that, because Glenn has alleged a violation of appellants' duty to conduct a name clearing hearing, and because such violation is actionable under OCGA § 36-33-4, the trial court properly denied appellants' motion for judgment on the pleadings.

The majority proceeds under the assumption that, because Glenn's complaint is premised on allegations that Glenn was denied a name clearing hearing, the cause of action he asserts is a procedural due process claim for deprivation of reputational liberty. See *Brewer v. Schacht*, 235 Ga. App. 313, 316 (3) (509 SE2d 378) (1998) (cause of action for deprivation of reputational liberty consists of allegations of "'(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing'"). Because it is beyond dispute that

---

[3] The complaint does not mention the violation of a "ministerial duty" and even if it did, that duty is the duty to provide a name-clearing hearing.

procedural due process claims are subject to the adequate state remedy doctrine, see, e.g., *Camden County v. Haddock*, 271 Ga. 664, 665 (1) (523 SE2d 291) (1999) (doctrine applicable to procedural due process claim under Georgia Constitution); *Atlanta City School Dist. v. Dowling*, 266 Ga. 217, 218 (466 SE2d 588) (1996) (doctrine applicable to federal procedural due process claim brought under 42 USC § 1983), the majority's construction of Glenn's claims as alleging a constitutional due process violation compels its conclusion that his claims are precluded by the adequate state law doctrine.

However, Glenn's complaint on its face does *not* assert a cause of action for a due process violation. Rather, Count 1 seeks damages under OCGA § 36-33-4 for the tort of official misconduct, and Count 2 seeks the imposition of punitive damages. The only reference in the complaint to constitutional due process is in the statement that the "denial [of a name clearing hearing] was without authority of law as both the Fourteenth Amendment Due Process Clause and Article I, Section I, Paragraph I of the Georgia Constitution guaranteed Plaintiff the right to a name-clearing hearing." Glenn's invocation of the due process clause was necessary only to establish his entitlement to be afforded — and appellants' concomitant duty to conduct — a name clearing hearing. See *Brewer*, supra, 235 Ga. App. at 316 (3). The alleged dereliction of that duty, i.e., appellants' denial of Glenn's requests for a hearing, constitutes the alleged "official act . . . done . . . without authority of law" made actionable under OCGA § 36-33-4. See *City of Buford v. Ward*, 212 Ga. App. 752, 755 (1) (433 SE2d 279) (1994).

Properly viewed as seeking recovery not for a constitutional violation but rather under OCGA § 36-33-4 for the "'fail[ure] to perform [a] purely ministerial dut[y] required by law,'" (citations omitted) *Gaskins v. Hand*, 219 Ga. App. 823, 825 (2) (466 SE2d 688) (1996), Glenn's claims are not precluded by the adequate state remedy doctrine. As the case law makes clear, the adequate state remedy doctrine is employed solely as a means of determining whether an alleged *deprivation* of procedural due process is actionable as a *constitutional violation*. See *McKinney v. Pate*, 20 F3d 1550, 1563 (IV) (B) (2) (11th Cir. 1994) ("even if [plaintiff] suffered a procedural *deprivation* at the hands of a biased Board at his termination hearing, he has not suffered a *violation* of his procedural due process rights unless and until the State . . . refuses to make available a means to remedy the deprivation" (emphasis in original)). See also *Cotton v. Jackson*, 216 F3d 1328, 1331 (11th Cir. 2000) ("[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim"); *Camden County*, supra, 271 Ga. at 665 (1) ("[d]ue process entitles the

employee to a . . . hearing, but the employer's failure to provide one is not a constitutional violation under the due process clause if the state provides a later procedural remedy"); *Atlanta City School Dist.*, supra, 266 Ga. at 218 ("[plaintiff] may not maintain a claim for damages for a procedural due process deprivation under section 1983 when the state court review of her termination provided an adequate remedy under state law"); *Jones v. Chatham County*, 223 Ga. App. 455, 457 (3) (477 SE2d 889) (1996) ("the deprivation resulting from a failure to have a . . . hearing does not ripen into a procedural due process violation unless the state 'refuses to make available a means to remedy the deprivation.' [Cit.]").

Indeed, my research has revealed *no* case in which the adequate state remedy doctrine has been held to bar a tort action under OCGA § 36-33-4. In fact, this Court has held on at least one previous occasion that a single instance of alleged official misconduct may give rise to claims *both* for mandamus relief and for damages, thus affirmatively rejecting the notion that the availability of mandamus to compel performance of a ministerial duty (i.e., an "adequate state remedy") precludes damages actions under OCGA § 36-33-4 for the failure to perform such duty. See *City of Hawkinsville v. Wilson & Wilson, Inc.*, 231 Ga. 110 (200 SE2d 262) (1973) (affirming grant of mandamus requiring issuance of business license and holding that plaintiff's additional claim for damages under OCGA § 36-33-4 could proceed). In addition, the very recognition of damages claims under OCGA § 36-33-4 for a city official's failure to perform ministerial duties, see *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994); *Gaskins*, supra, 219 Ga. App. at 825 (2); *Reese v. City of Atlanta*, 261 Ga. App. 761 (583 SE2d 584) (2003), reveals the non-applicability of the adequate state remedy doctrine to such claims; because most, if not all, ministerial duties are necessarily subject to enforcement by mandamus, see OCGA § 9-6-20 (mandamus may issue to compel performance of official duties); *Acree v. Walls*, 240 Ga. 778 (1) (243 SE2d 489) (1978) (mandamus will lie to compel hearing required by law), applying the adequate state remedy doctrine to OCGA § 36-33-4 actions would render the statute largely meaningless to the extent it authorizes damages actions for an official's breach of a ministerial duty.

In sum, accepting Glenn's allegations as true, see *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978) (standard for assessing motion for judgment on the pleadings), I would hold that Glenn has stated a cause of action under OCGA § 36-33-4 which is not precluded under the adequate state remedy doctrine. Accordingly, I would affirm the trial court's denial of appellants' motion for

judgment on the pleadings, and I must respectfully dissent.[4]

I am authorized to state that Presiding Justice Carley and Justice Melton join in this dissent.

DECIDED NOVEMBER 8, 2010.

*Elarbee, Thompson, Sapp & Wilson, Richard R. Gignilliat, Sharon P. Morgan,* for appellants.

*Balch & Bingham, Michael J. Bowers, Geremy W. Gregory,* for appellee.

---

[4] Because I would find Glenn's OCGA § 36-33-4 claim viable, I must also address briefly the other issue on which we granted interlocutory review, namely, whether OCGA § 36-33-4 as it is sought to be applied here is invalid as exceeding the limited waiver of official immunity set forth in Art. I, Sec. II, Par. IX (d) of the Georgia Constitution of 1983. That constitutional provision specifically allows liability to be imposed on state (and, thereby, municipal) officers and employees "for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and . . . for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Id. Here, it is alleged that appellants violated OCGA § 36-33-4 by refusing to hold a name clearing hearing "without authority of law." Given that Art. I, Sec. II, Par. IX (d) allows for a waiver of immunity for a merely negligent failure to perform a ministerial duty, and because the conduct of a name clearing hearing is in the nature of a ministerial duty, the imposition of liability here even without a finding of oppressiveness, malice, or corruption would not run afoul of the constitutional waiver of immunity. See also *Oglethorpe Dev. Group v. Coleman,* 271 Ga. 173 (516 SE2d 531) (1999) (recognizing OCGA § 36-33-4 as consonant with Art. I, Sec. II, Par. IX (d)).