## A11A1983. MUHAMMAD et al. v. ALLSTATE INSURANCE COMPANY.
### (722 SE2d 136)

MIKELL, Chief Judge.
After Allstate Property and Casualty Insurance Company ("Allstate") cancelled Ali S. Muhammad's homeowner's insurance policy, Muhammad and his wholly-owned corporation, Columbia Hills Management Company, Inc. ("CHMC") (Muhammad and CHMC sometimes hereinafter referred to as "appellants"), brought the underlying action against Allstate,[1] asserting that the insurance policy was improperly canceled, and seeking specific performance, damages, attorney fees, and costs of litigation. Allstate moved to dismiss the complaint for failure to state a claim under OCGA § 9-11-12 (b) (6). Following a hearing at which all three parties were represented by counsel, the trial court granted Allstate's motion and dismissed the action with prejudice. Muhammad, acting pro se, and CHMC, acting through counsel, filed a timely notice of appeal. We affirm.

---

[14] OCGA § 16-7-1 (a).

[1] In the original complaint and in the appeal to this Court, Allstate was incorrectly named as Allstate Insurance Company.

1. We first address whether appellant CHMC has abandoned its appeal. Although CHMC, acting through its counsel, filed a notice of appeal in this Court, it has not filed enumerations of error or an appellate brief, nor has it properly sought any extension of the time for filing the appellate brief.[2] Muhammad, acting pro se, has filed an appellate brief and a reply brief, but these briefs were signed only by Muhammad pro se, not by counsel for CHMC. And even though Muhammad is the sole shareholder of CHMC, as a non-attorney agent he cannot represent CHMC on appeal.[3] "In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record."[4] Thus, CHMC's appeal from the trial court's judgment is deemed abandoned and is hereby dismissed pursuant to Court of Appeals Rule 23 (a).

We note that, even had CHMC not abandoned its appeal, CHMC has no standing to make a claim under the insurance policy at issue, because CHMC was a stranger to the contract. The insurance policy issued by Allstate on the property was issued to "Ali Muhammad & Rick Muse" as "Named Insured(s)." Nowhere in the record is there any indication that CHMC was an insured under this contract. Under Georgia law, "[t]he insured alone may sue on a policy of insurance."[5]

2. Because the trial court considered evidence outside appellants' complaint, Allstate's motion to dismiss was converted into a motion for summary judgment:

> When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to OCGA § 9-11-56, and the trial court has the burden of informing the party opposing the motion that the

---

[2] Muhammad sought two extensions of time to file his brief, but these motions were not signed on behalf of CHMC by its counsel.

[3] See *Columbus Transmission Co. v. Murry*, 277 Ga. App. 243, 244 (1) (626 SE2d 202) (2006) (non-attorney sole shareholder cannot represent corporation in litigation), citing *Eckles v. Atlanta Technology Group, Inc.*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) ("Having accepted the benefits of incorporation, a corporation must also accept the burdens, including the need to hire counsel to sue or defend in court") (citation and punctuation omitted).

[4] (Citation omitted.) *Eckles*, supra. Accord *Waller v. Rymer*, 293 Ga. App. 833, 835 (668 SE2d 470) (2008) (corporate party cannot appear pro se, but must be represented by legal counsel).

[5] (Citation omitted.) *Higdon v. Ga. Farm Bureau Mut. Ins. Co.*, 204 Ga. App. 192, 194 (419 SE2d 80) (1992). Accord *Archer v. Cotton States Mut. Ins. Co.*, 303 Ga. App. 878, 879 (695 SE2d 329) (2010) ("One other than the person to whom a policy was issued cannot, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing") (citation and punctuation omitted); *Cotton States Mut. Ins. Co. v. Haire*, 214 Ga. App. 799, 801 (449 SE2d 161) (1994).

court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment.[6]

Even if the trial court does not give the required notice, however, "the party opposing the motion may waive the right to the 30-day notice by acquiescing in the movant's submission of evidence in support of the motion to dismiss."[7] That is what happened here. Not only did Muhammad fail to object to Allstate's submission of evidence, he himself submitted evidence in the form of his own affidavit and relied on it at the hearing on Allstate's motion.[8]

Because Allstate's motion to dismiss for failure to state a claim was converted by law to a motion for summary judgment, we apply the following standard of review: "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant."[9]

So viewed, the record reflects that Allstate issued a homeowner's insurance policy on property at 4933 Wexford Trail in Atlanta, naming Muhammad and another person, Rick Muse, as insureds. On April 21, 2010, Allstate gave Muhammad notice of its intent to cancel the policy as of June 2, 2010, because the loan on the property had been foreclosed and therefore Muhammad no longer had an insurable interest therein. The homeowner's policy was cancelled, and Muhammad and CHMC filed suit against Allstate. Upon the dismissal of the complaint, Muhammad and CHMC brought this appeal.

Allstate correctly argues that Muhammad never had an insurable interest in the property at issue here. Allstate presented evidence showing the following chain of title: on October 28, 2005, Rick Muse, as grantor, issued a security deed to Long Beach Mortgage Company (the "Lender"); and on March 13, 2006, Rick Muse gave a quitclaim deed to "CHMC, Inc." On May 5, 2009, the Lender foreclosed on the property at issue and filed a deed under power from Rick Muse on May 28, 2009.

"It is a basic principle that one may only insure property as to

---

[6] (Citation omitted.) *Gaddis v. Chatsworth Health Care Center*, 282 Ga. App. 615, 616-617 (1) (639 SE2d 399) (2006), citing *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000).

[7] (Citation omitted.) *Morrell v. Wellstar Health System*, 280 Ga. App. 1, 2 (1) (633 SE2d 68) (2006).

[8] See *Cox Enterprises*, supra at 153-154; *Morrell*, supra.

[9] (Citation and punctuation omitted.) *Gaddis*, supra at 617 (2).

which one has an insurable interest."[10] An "insurable interest" is defined in OCGA § 33-24-4 (a) to mean "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." And under subsection (b) of that Code section, "[n]o insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured." And mere possession of property, while it might give the possessor certain rights against a trespasser, is not in and of itself sufficient to create an insurable interest.[11]

In his affidavit, Muhammad avers that title to the property was transferred to "CHMC, Inc." *and Muhammad* by the March 13, 2006, quitclaim deed from Rick Muse. However, the copy of the quitclaim deed referenced in and attached to Muhammad's affidavit shows only "CHMC, Inc.," as grantee. And the record does not reveal whether the grantee, CHMC, Inc., is the same entity as CHMC; nor does the record show whether Muhammad has any interest in the grantee, CHMC, Inc. Thus, Muhammad has failed to point to specific evidence in the record which would give rise to a triable issue.[12] Accordingly, the trial court did not err in entering summary judgment against Muhammad and in favor of Allstate.[13]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 12, 2012.

*David A. Colquitt*, for appellant.
*Carlock, Copeland & Stair, Frederick M. Valz III*, for appellee.

---

[10] *Sapp v. Ga. Farm Bureau Mut. Ins. Co.*, 206 Ga. App. 209, 211 (424 SE2d 871) (1992).

[11] *Splish Splash Waterslides v. Cherokee Ins. Co.*, 167 Ga. App. 589, 591 (2) (307 SE2d 107) (1983). See also *Sapp*, supra at 211-212.

[12] See *Sapp*, supra at 212-213.

[13] See OCGA § 9-11-56 (e), which provides in pertinent part:
. . . When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.