A11A2308. BOATRIGHT v. GLYNN COUNTY SCHOOL
DISTRICT et al.
(726 SE2d 591)

PHIPPS, Presiding Judge.

Harriet Whitener Boatright filed suit against the Glynn County School District and Michael Bull, in his individual capacity and as Superintendent of the Glynn County Board of Education (collectively, hereinafter, "Glynn County"), seeking to hold them liable for alleged violations of her due process and liberty rights in connection with their decision to terminate her employment as a paraprofessional. Glynn County filed a motion to dismiss or in the alternative for summary judgment, which the trial court granted. Boatright appeals. For the reasons set forth below, we affirm.

Because the trial court considered evidence outside Boatright's complaint, we find that it decided the motion as one seeking summary judgment and therefore we apply the following standard of review: "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. . . ."[1] We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant."[2]

So viewed, the record reflects that Boatright was employed by the Glynn County School District as a paraprofessional for nearly three years before she received notice of her termination. Though she was not given written notice of the reason for her termination, Boatright was fired shortly after a student encounter, in which she contends she was attacked by the student and physically injured. She requested a hearing before the county board of education concerning her termination, but was not afforded one prior to filing suit. Boatright was a classified employee and thus could be terminated only "for just cause," pursuant to an employee handbook she had been given.

Boatright initially filed suit in federal court, which found that adequate state remedies were available and granted Glynn County's motion to dismiss. Her allegation in federal court was that her termination violated her right to due process under the Fourteenth Amendment to the Constitution of the United States. Boatright then,

---

[1] OCGA § 9-11-56 (c).

[2] *Muhammad v. Allstate Ins. Co.*, 313 Ga. App. 531, 533 (2) (722 SE2d 136) (2012) (punctuation and footnote omitted).

in superior court, filed the instant suit against the same defendants. In her initial complaint, filed on January 31, 2007, she alleged that, in connection with the decision to terminate her, she was denied the right to procedural due process guaranteed by the Fourteenth Amendment to the Constitution of the United States. In her prayers for relief, she requested a jury trial, damages, punitive damages, a writ of mandamus to compel Glynn County to reinstate her and give her a hearing, and injunctive relief "as may [be] necessary to protect the plaintiff's rights." During the pendency of that litigation, Boatright was given a hearing before the school board on June 19, 2007, and thereafter was reinstated as a paraprofessional in the local school system.

On June 27, 2007, Boatright filed an amendment of her complaint, which provided that she "hereby amends her complaint . . . by substituting in lieu thereof the Plaintiff's Amended Complaint attached herewith." In this amended complaint, Boatright sought relief for alleged violations of her rights under the Fourteenth (procedural due process) and Fifth (right to liberty) Amendments to the Constitution of the United States. In her prayers for relief, she specifically requested: a jury trial; general, special, and punitive damages; reinstatement and back pay; an order requiring Glynn County to expunge adverse documents from her personnel file; and attorney fees and expenses of litigation. Boatright did not restate any claim for mandamus or injunctive relief, and she dropped a state claim she asserts she had previously filed based on OCGA § 20-2-940.

Glynn County responded, in part, that suit was barred based on the doctrine of sovereign immunity, and filed a motion to dismiss or in the alternative a motion for summary judgment, which subsequent to Boatright's hearing (before the board) and reinstatement, was renewed and amended. In its motion, Glynn County claimed that Boatright's suit was barred by the doctrine of res judicata, was moot, and failed to state a claim for damages because adequate state remedies were available.

Finding that Boatright's suit was barred by res judicata and/or the failure to state a claim for a violation of the Fourteenth Amendment because there were numerous adequate state remedies to enforce her procedural due process rights, the trial court granted Glynn County's motion for summary judgment.

1. Boatright contends that the trial court erred in granting summary judgment to Glynn County on the ground that she failed to state a claim for a Fourteenth Amendment violation. We disagree.

The Supreme Court of Georgia has stated:

> We interpret the due process clause under our State Constitution as providing the same procedural rights in public employment cases as the federal due process clause. Under both clauses, the state must give notice and an opportunity to be heard to a person deprived of a property interest. This Court has found that a public employee has a property interest in continued employment for due process purposes when a personnel manual provides that an employee can only be terminated for cause. Due process entitles the employee to a pre-termination hearing, but the employer's failure to provide one is not a constitutional violation under the due process clause if the state provides a later procedural remedy. The focus of the procedural due process analysis is whether the state makes adequate procedures available — not whether the plaintiff takes advantage of those procedures and achieves a successful outcome.[3]

"It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."[4] The adequate state remedy analysis applies equally to a liberty interest due process claim as it does to a property interest due process claim.[5]

In *Joiner v. Glenn*, a former chief of police was terminated from his position and filed suit against certain government officials after he was denied a "name-clearing hearing."[6] The plaintiff alleged that the defendants violated his liberty rights by denying him a name-clearing hearing, and he sought damages under the due process clause of the Georgia Constitution as well as under a state statute which provides that municipal officers can be held liable for official acts if done oppressively, maliciously, corruptly, or without authority of law.[7] The Supreme Court of Georgia determined that the defendants were entitled to judgment on the pleadings because an adequate state remedy — a writ of mandamus — was a procedural remedy

---

[3] *Joiner v. Glenn*, 288 Ga. 208, 209 (702 SE2d 194) (2010) (citation and punctuation omitted), citing *Camden County v. Haddock*, 271 Ga. 664, 665 (1) (523 SE2d 291) (1999).

[4] *Cotton v. Jackson*, 216 F3d 1328, 1331 (11th Cir. 2000) (citations omitted), citing *McKinney v. Pate*, 20 F3d 1550, 1557 (11th Cir. 1994) (en banc); *Jones v. Chatham County*, 223 Ga. App. 455, 457 (3) (477 SE2d 889) (1996).

[5] *Joiner*, supra at 209-210.

[6] Id. at 208.

[7] Id. at 209, n. 2.

available which cured the government officials' failure to provide a terminated employee with a name-clearing hearing.[8]

> Mandamus is an extraordinary remedy that can be granted only when the petitioner has a clear legal right to the relief sought and no other adequate remedy at law. . . . Mandamus will not issue to compel performance of a discretionary act unless the public official has grossly abused his or her discretion.[9]

Concerning Boatright's prayers for relief for reinstatement and back pay and for an order requiring Glynn County to expunge adverse documents from her personnel file, after the termination hearing, Boatright dropped her request for mandamus relief and the state claim she asserted she had previously filed based on OCGA § 20-2-940. Thus, the trial court properly ruled that Boatright failed to state a claim because adequate state remedies (which she had dropped) were available.[10]

2. Boatright contends the trial court erred in holding that she was not entitled to monetary damages. Boatright asserts that "[t]his case is an action ex dilecto [sic], a tort action for a breach of duty arising from a contractual relationship," and may be described as a "constitutional tort action." Thus, she argues, her request for attorney fees under OCGA § 13-6-11 also applies to her case.

It is not evident, however, from Boatright's complaint that her cause of action is "an action ex dilecto [sic], a tort action for a breach of duty arising from a contractual relationship," because she did not so state either in her complaint or in her amended complaint, which was filed after Glynn County asserted a defense of sovereign immunity.[11] Boatright's attempt to "characterize this case as something other than a procedural due process claim rings hollow."[12] The

---

[8] Id. at 209-210.

[9] *Pryor Organization v. Stewart*, 274 Ga. 487, 487-488 (1) (554 SE2d 132) (2001) (citation omitted); OCGA § 9-6-20.

[10] *Joiner*, supra.

[11] See *Southern LNG, Inc. v. MacGinnitie*, 290 Ga. 204, 205 (719 SE2d 473) (2011) (in suit for declaratory judgment and for writ of mandamus, Court held: "We need not address whether sovereign immunity would act as a bar to appellant's declaratory action, as it is clear that, if the declaratory action were barred by sovereign immunity (thus leaving appellant without an adequate legal remedy), appellant's mandamus action would still remain viable.").

[12] *Joiner*, supra at 210 (footnote omitted) (despite terminated employee's suit seeking damages under a specified state statute in addition to the due process clause of the Georgia Constitution, the Court held that the dissent's attempt to characterize the case as something other than a procedural due process claim "rings hollow"; the Court held that the complaint made it "abundantly clear" that the employee sought damages for the defendants' decision to

amended complaint, which Boatright filed after the hearing, made it abundantly clear that she sought relief for Glynn County's decision to deny her a termination hearing, in violation of her due process and liberty rights. Boatright dropped her alleged state claim and prayers for mandamus (and injunctive) relief, which left pending her constitutional claims for relief. Thus Boatright's claims for relief spring only from Glynn County's refusal to afford Boatright her rights to due process and liberty under the federal constitution — and nothing more.[13]

"It is 42 USC § 1983 that constitutes the controlling federal authority on the right of a citizen to recover damages for an alleged deprivation of his federal constitutional rights under color of state law."[14] However, Boatright did not allege a § 1983 claim in her complaint.[15] In fact, in her appellate brief she denied that her cause of action was based on 42 USC § 1983. Notwithstanding, we have held that a government employee had no § 1983 cause of action for damages for violation of her procedural due process rights when available state remedies were adequate, resulting in reinstatement and back pay.[16] Because Boatright failed to state a claim for damages, the trial court properly granted summary judgment on her claims for damages.[17] Having been awarded no damages or affirmative relief, Boatright is not entitled to attorney fees.[18]

3. Boatright contends that the trial court erred in finding that, upon reinstatement to employment with the school district, she "was paid back wages, including health and retirement benefits."

Concerning the trial court's finding that Boatright was paid back wages, Boatright does not claim that she was *not* paid back wages. Boatright relies on an affidavit she executed wherein she stated (among other things) that the amount she was paid was insufficient; but she failed to state what amount she should have been paid.

---

deny him a name-clearing hearing in violation of his due process rights; thus employee's state claim "springs only from" defendants' refusal to afford the employee his due process right — "and nothing more").

[13] Id.

[14] *State Bd. of Ed. v. Drury*, 263 Ga. 429, 433 (2) (437 SE2d 290) (1993); *Russell v. Barrett*, 296 Ga. App. 114, 121 (4) (673 SE2d 623) (2009).

[15] See *Drury*, supra.

[16] *Atlanta City School District v. Dowling*, 266 Ga. 217, 219 (466 SE2d 588) (1996); *Turner v. Giles*, 264 Ga. 812, 815 (4) (450 SE2d 421) (1994), cert. denied, 514 U. S. 1108 (115 SC 1959, 131 LE2d 851) (1995).

[17] See *Dowling*, supra.

[18] *Benchmark Builders, Inc. v. Schultz*, 289 Ga. 329, 330 (1) (711 SE2d 639) (2011) ("An award of attorney fees but no other damages or affirmative relief under a statute that authorizes an award of attorney fees to the 'prevailing party' is illegal and void, not merely erroneous and voidable.") (citation and punctuation omitted).

Concerning the trial court's finding that Boatright received back retirement benefits, Boatright does not claim that she did *not* receive back retirement benefits. Boatright relies on the same affidavit she executed wherein she also stated that the back retirement benefits she received were not proper; but she failed to state what credit she should have received.

Concerning the trial court's finding that Boatright was paid for back health benefits, the undisputed evidence showed that on January 24, 2008, Boatright had executed the aforementioned affidavit, pertinently stating that she had not been reimbursed for health plan coverage; but she did not state how much she should have been reimbursed. Two months later, on March 25, 2008, an employee with the law offices of Glynn County's attorneys executed an affidavit stating (among other things) that she had delivered a check to Boatright as reimbursement for health insurance premiums paid by Boatright during the time she was out of work. Boatright does not refute this averment of the opposing side's affidavit, but only claims that the existence of her previously executed affidavit and the employee's shows an issue of fact exists.

In her prayers for relief in the amended complaint, Boatright did not state a claim for insufficient back pay or for insufficient credit toward retirement, and the trial court rendered no ruling on the sufficiency of the amounts paid. "Issues which have not been ruled on by the trial court may not be raised on appeal."[19] As to the court's finding that back health benefits were paid, "[a] plaintiff cannot avoid summary judgment by pointing to contradictory evidence in the record on an issue that makes no difference to the legal analysis."[20]

Even if these claims for damages were requested in Boatright's prayers for relief, this court will not address them for the reasons discussed in Divisions 1 and 2.[21] The court's judgment was not based upon stated facts for which there was no evidence.[22] Boatright has failed to show that the trial court's findings on these matters concerned genuine issues of material fact in the resolution of this case.[23]

---

[19] *Brookfield Country Club v. St. James-Brookfield, LLC*, 287 Ga. 408, 413 (3) (696 SE2d 663) (2010) (citation and punctuation omitted).

[20] *Deen v. Stevens*, 287 Ga. 597, 612 (3) (b) (698 SE2d 321) (2010) (citations omitted).

[21] Supra.

[22] *Hardin v. Wright*, 172 Ga. App. 644, 645 (323 SE2d 918) (1984) ("If the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed.").

[23] See OCGA § 9-11-56 (c); *Karp v. Western Life Ins. Co.*, 182 Ga. App. 693, 694 (356 SE2d

Accordingly, the trial court properly granted summary judgment to Glynn County.[24]

4. Based on our holding in Division 1,[25] because the trial court, in ruling that there were adequate state remedies, correctly granted summary judgment to Glynn County on Boatright's Fourteenth and Fifth Amendment claims, we need not address Boatright's remaining enumerated error that the trial court erred in its determination that her suit was barred by res judicata.[26]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 22, 2012 —
RECONSIDERATION DENIED APRIL 11, 2012 —

*Walter D. Adams, Eugene Highsmith,* for appellant.
*Harben, Hartley & Hawkins, Phillip L. Hartley, Andrew H. Lakin,* for appellees.

---

893) (1987) (fact issues not material to the resolution of case did not preclude grant of summary judgment).

[24] *Muhammad,* supra.

[25] Supra.

[26] See *Conner v. Norman Sosebee Funeral Home,* 303 Ga. App. 352, 357 (1) (b) (693 SE2d 534) (2010).