### S99A1448. CAMDEN COUNTY et al. v. HADDOCK.
(523 SE2d 291)

FLETCHER, Presiding Justice.

County finance director Mary E. Haddock sued the Camden County Commission after the county administrator fired her. The trial court granted her motion for summary judgment on the grounds that the county violated its personnel policy and the Open Meetings Act in discharging her. However, we conclude that the county did not violate the due process clause under the Georgia Constitution because Haddock failed to appeal her dismissal within fifteen working days as provided in the county's personnel policy. Therefore, we reverse.

In 1996, auditors reported a deficit of $1,295,017 in the county general fund for fiscal year 1995 and described "significant deficiencies" in the design and operation of the county's "internal control structure." As a result of these problems, the auditors recommended that the county change the structure of its finance department. The auditor's report specifically recommended reassigning the finance director's daily tasks to other staff in the finance department and giving the finance director responsibility for overseeing and managing all of the county's financial administration. In response to the auditor's report, the county personnel consultant informed Haddock that the commission had decided to hire another person as finance director and reclassify her as bookkeeper with a reduction in her salary.

Also as a result of the deficit and related problems, the county commission voted on November 5, 1996, to reprimand County Administrator John Peterson. In the executive session prior to the official vote, one commissioner told Peterson that Haddock needed to go. The following day Peterson called Haddock into his office and said that the commissioners had told him to fire her. Peterson did not give her written notice of the reasons for her discharge or of her right to appeal. Haddock cleared out her desk that day and never returned to the office. Six weeks later, her attorney wrote the county commission seeking reinstatement with back pay or an opportunity to respond to the charges against her. The commission considered her request in

December and again in January after three new members took office, but declined to take any further action.

Haddock then filed suit against the commission, county commissioners, and county administrator alleging a violation of procedural due process under federal and state law and a violation of the open meetings law. The case was removed to federal district court. The federal court found that Haddock was not entitled to damages under 42 U.S.C. § 1983 because she had adequate state remedies available and remanded the remaining state law claims to state court. On cross motions for summary judgment, the state trial court granted summary judgment to Haddock and the county appeals.

1. We interpret the due process clause under our State Constitution as providing the same procedural rights in public employment cases as the federal due process clause.[1] Under both clauses, the state must give notice and an opportunity to be heard to a person deprived of a property interest.[2] This Court has found that a public employee has a property interest in continued employment for due process purposes when a personnel manual provides that an employee can only be terminated for cause.[3] Due process entitles the employee to a pre-termination hearing, but the employer's failure to provide one is not a constitutional violation under the due process clause if the state provides a later procedural remedy.[4] The "focus of the procedural due process analysis is whether the state makes adequate procedures available — not whether the plaintiff takes advantage of those procedures and achieves a successful outcome."[5]

In this case, the county's 1989 personnel policy applies because there is no evidence that the county had distributed copies of the 1994 policy to county employees prior to November 1996. The 1989 personnel policy provides that the county may dismiss an employee at any time for just cause, but must give the dismissed employee written notice of the reasons for the action. The policy further provides that the dismissed employee must file an appeal with the county administrator within fifteen working days of learning of the adverse action. The administrator then notifies the employee of the date, time, and place of a hearing. Following the hearing, the county administrator must submit a summary report to the governing authority. If still dissatisfied, the employee may seek review of the county's decision in superior court.[6]

---

[1] See U.S. Const. amend. 14; Ga. Const. art. I, sec. I, para. I.

[2] *Nix v. Long Mountain Resources*, 262 Ga. 506, 509 (422 SE2d 195) (1992).

[3] See *Brownlee v. Williams*, 233 Ga. 548, 551 (212 SE2d 359) (1975).

[4] See *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994).

[5] *Jones v. Chatham County*, 223 Ga. App. 455, 457 (477 SE2d 889) (1996).

[6] See OCGA § 5-4-1 (writ of certiorari available for the correction of judicial and quasi-judicial decisions); see also *Board of Commissioners v. Farmer*, 228 Ga. App. 819, 823 (493

For purposes of its summary judgment motion, the county has not disputed that the 1989 personnel policy applies or that Haddock has a property interest in her employment based on that policy. In addition, it is undisputed that Haddock did not appeal her discharge within fifteen working days of learning that she was fired; instead, she waited six weeks before she indicated in any way that she wanted to challenge her dismissal. Thus, we conclude that the county's 1989 personnel policy gave her an administrative remedy for challenging her dismissal, but she delayed too long in pursuing it. Although the county administrator never gave her written notice of the reasons for her termination or the procedure for appealing his action, this failure to give reasons in writing does not absolve her of her responsibility to challenge her discharge in a timely manner as provided in the personnel policy.[7] As her belated appeal indicates, her ability to contest her termination and seek a hearing did not depend on her having written notice of the reasons for her dismissal.

Because Haddock failed to appeal her discharge within fifteen working days of learning that she was being fired, she is not entitled to mandamus for a violation of procedural due process under the Georgia Constitution. Since we hold that she did not avail herself of her adequate legal remedy, the county is entitled to summary judgment on her due process claim.[8]

2. The Open Meetings Act provides that county commission meetings must be open to the public, but there is an exception when personnel matters are discussed.[9] Haddock's claim under the open meetings law depends on her assertion that the county commission fired her. Yet, the undisputed evidence shows that the county commission did not take any vote or other official action on her employment.[10] Rather, the county administrator called Haddock into his office and told her she was fired based on what he perceived to be the consensus of the county commission. Based on this evidence, we conclude that the county commission did not violate the open meetings

---

SE2d 21) (1997) (state courts provided an adequate post-deprivation remedy for county administrator who claimed that he did not receive specific notice, a pre-termination hearing, and an unbiased decision-maker).

[7] Cf. *Jones v. Chatham County*, 223 Ga. App. at 457-458 (no violation of procedural due process when employee did not receive pre-termination hearing and refused to participate in post-termination hearing scheduled five months later).

[8] See *Maxwell v. Mayor & Aldermen*, 226 Ga. App. 705, 709 (487 SE2d 478) (1997) (no procedural due process violation when police officer dismissed from job did not appeal his termination under procedures provided in employee handbook).

[9] See OCGA § 50-14-3 (6) (excluding meetings where disciplinary action, dismissal, or periodic evaluation of a public employee is discussed).

[10] Cf. *Glynn County v. Waters*, 268 Ga. 500, 502 (491 SE2d 370) (1997) (holding that county employee could not be terminated by county commission when a county ordinance gave the county administrator sole authority for hiring and firing employees).

law when its members discussed Haddock's job performance at meetings in November 1996. Therefore, the county was also entitled to summary judgment on Haddock's claim under the open meetings law.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland,* for appellants.

*James A. Chamberlin, Jr., Douglas W. Alexander,* for appellee.