## A02A0710. NORRIS v. HENRY COUNTY.
### (566 SE2d 428)

MILLER, Judge.

Henry County fired Anthony Norris when a county track hoe under his supervision became stuck in the mud, requiring great time and expense to extricate and repair. He appealed the termination decision to the county manager, to the board of commissioners, and to the superior court, all to no avail. Pursuant to a petition for a discretionary appeal, the appellant's request was granted. Following a thorough review of the proceedings, we now affirm on the grounds that he was afforded due process and that some evidence supported the county's decision to terminate him for cause.

A ten-year employee of Henry County, Norris was serving as a pipe crew foreman when his crew was assigned to clear out a swamp area behind a county building. He directed his track hoe driver to begin clearing the area, but the track hoe soon sank in the mud and became stuck. Over the next two days various efforts to extricate the track hoe were unsuccessful, and on the third day a wrecker finally extricated the now-damaged track hoe.

The next week Norris's supervisor called him in and gave him a letter of termination based on Norris's incompetence as exhibited by the track hoe incident and by his long history of job performance problems. Norris appealed the termination to the county manager, who then held a two-day evidentiary hearing with Norris and his attorney present. Based on the oral and written evidence presented as well as a review of Norris's personnel records, the county manager upheld the termination. Norris filed a discretionary appeal with the county board of commissioners, which declined to hear the appeal but which moved Norris's termination date to the date of the county manager's decision. Arguing that the county did not follow proper procedure and that no evidence supported the termination decision, Norris petitioned the superior court to review the matter. The superior court affirmed the county's decision, which ruling he now appeals.

On appeal Norris enumerates three errors: (1) the trial court erred in ruling he received due process; (2) the trial court erred in evaluating the case under the "any evidence" standard; and (3) the trial court erred in ruling that there was sufficient evidence to support the termination decision. We hold that the two-day hearing afforded Norris due process, that the "any evidence" standard is the

correct standard, and that evidence supported the decision to terminate Norris. Accordingly, we affirm.

1. Under the due process clauses of both the Georgia and federal constitutions, the State "must give notice and an opportunity to be heard to a person deprived of a property interest." (Footnote omitted.) *Camden County v. Haddock*, 271 Ga. 664, 665 (1) (523 SE2d 291) (1999). "[A] public employee has a property interest in continued employment for due process purposes when a personnel manual provides that an employee can only be terminated for cause." (Footnote omitted.) Id. Here the personnel manual contained such a provision.

After giving notice, Henry County afforded Norris a two-day hearing (attended by him and his attorney), in which the county manager received evidence, allowed questions and argument by Norris's attorney, and reconsidered the termination decision. Such clearly met the demands of due process.

Nevertheless, Norris complains about the timing of the hearing, in that he was not afforded a hearing *prior* to being terminated. Although due process entitles the public employee to a pre-termination hearing, the employer's failure to provide one is not a constitutional violation under the due process clause if the employer (as here) provides a later procedural remedy. *Camden County*, supra, 271 Ga. at 665 (1); see *Jones v. Chatham County*, 223 Ga. App. 455, 457 (3) (477 SE2d 889) (1996).

Norris next argues that Henry County failed to follow its own personnel manual when Norris's supervisor gave him the termination letter (effective immediately) without first affording him a personal meeting, in which the supervisor was to provide Norris oral notice of the charge and proposed disciplinary action. At that personal meeting, which was to take place before the imposition of any disciplinary action, Norris under the personnel procedures was to have the opportunity to orally respond. Within three days the supervisor could notify the employee and the county manager in writing of the disciplinary action, to become effective at the time specified in the written notice.

The county failed to follow its own personnel manual procedures when Norris was not afforded the required personal meeting with his supervisor with oral notice and discussion prior to the delivery of the written termination notice. Although we do not condone the county's actions, the question is whether this failure deprived Norris of his procedural due process rights where the county afforded Norris notice and an opportunity to be heard when he appealed the matter to the county manager. *Jones*, supra, 223 Ga. App. at 459 (5), is clear that such is not a violation of procedural due process, for the adequacy of due process is governed not by personnel manuals but by case law interpreting the federal and state constitutions, which only

require that the employee (even if later) be notified and given an opportunity to be heard. See *Camden County*, supra, 271 Ga. at 665 (1). Indeed, "if the requirements of due process are met, the employer's failure to follow all the procedures in the manual does not [even] give rise to an action for breach of contract." *Jones*, supra, 223 Ga. App. at 459 (5). Norris's reliance on *Wayne County v. Herrin*, 210 Ga. App. 747, 755 (7) (437 SE2d 793) (1993), is misplaced, for in that case no hearing nor any kind of any opportunity to be heard was afforded to any of the terminated employees, and thus the requirements of due process were not met.

The trial court did not err in ruling that Norris received due process.

2. Norris asserts that the standard of review for the superior court was not the any evidence standard but rather a "heavier" substantial evidence standard. On the contrary, the very case cited by Norris in his brief, *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997), explained that under Supreme Court of Georgia precedent, " 'in Georgia the substantial-evidence standard is effectively the same as the any-evidence standard.' [Cit.]" Thus, *City of Atlanta* expressly overruled *Smith v. Elder*, 174 Ga. App. 316 (1) (329 SE2d 511) (1985), from which Norris inexplicably quotes at length in his brief. *City of Atlanta* concluded:

> The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence. On appeal to this Court, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." [Cit.]

228 Ga. App. at 865 (1); see *Forsyth County v. Childers*, 240 Ga. App. 819, 821 (2) (525 SE2d 390) (1999).

The trial court did not err in applying the any evidence standard of review.

3. Applying that same standard here, we hold that some evidence, construed in favor of the county, supported the county manager's decision to uphold the termination. One example specified in the personnel manual as a ground for termination was "[i]ncompetence or inefficiency in performance of work related duties." Evidence showed that Norris was responsible for his crew and its equipment, including the track hoe. It was well known by all employees that two county track hoes had previously sunk and been stuck in the same area and that normal procedure required that pads be laid down to prevent this very sort of circumstance from occurring. Norris pro-

ceeded, however, with the operation by using the riskier procedure of merely laying logs down as a mat. The track hoe slipped off the logs and became stuck. He then left the track hoe in the mud overnight, which may have caused the suction to increase. He should have obtained a wrecker sooner to extricate the track hoe.

Beyond this particular instance, the county manager also considered Norris's personnel records, which reflected a long history of poor job performance and poor judgment as a supervisor. Indeed, Norris had been reprimanded more than anyone else in the department. The numerous written reprimands in his file (which did not include several oral reprimands) specified instances of incompetent supervision, employee harassment, insubordination, taking unauthorized leave, and other job performance issues. When combined with the poor judgment portrayed by the recent track hoe incident, these reprimands gave the county manager at least some evidence to uphold Norris's termination for incompetence.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 11, 2002.

*William F. Mitchell*, for appellant.
*O'Quinn & Cronin, Michael A. O'Quinn, Donald A. Cronin, Jr.*, for appellee.