12-3067-cv
*Men of Color Helping All Society, Inc. v. City of Buffalo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st of July, two thousand thirteen.

PRESENT:

JON O. NEWMAN,
AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

MEN OF COLOR HELPING ALL SOCIETY, INC.,
MICHAEL A. O. BROWN, OTTO BREWER, ROBERT JONES,
WALTER JONES, WILLIAM RASPBERRY, JOHN TUCKER,
MAURICE BIRDSONG, WALTER DAVIS, DAVID GRAY,
ARTHUR HARRIS, EDWARD JOSEY, HARWYN LOUIE,
LAWRENCE PIERCE, TERRY SCOTT, MICHAEL SOUTHERN,
MICHAEL VARNER, CRANSTON WILSON,

                    *Plaintiffs-Appellants*,

        -v.-                                    No. 12-3067-cv

CITY OF BUFFALO, CITY OF BUFFALO DEPARTMENT
OF FIRE, CORNELIUS KEANE, *individually and as Commissioner,
Department of Fire*, JOHN D. SIXT, *individually, and as
Deputy Commissioner, Department of Fire*, RONALD CASSEL,
*individually, and as President of Local 282*, BUFFALO PROFESSIONAL
FIREFIGHTERS ASSOCIATION, LOCAL 282, JOHN DOE,

*an individual whose identity is presently unknown to Plaintiffs*,

*Defendants-Appellees.*[*]

_____

HARVEY P. SANDERS, Sanders & Sanders, Cheektowaga, New York, *for Plaintiffs-Appellants.*

JOSEPH S. BROWN, (ADAM W. PERRY, SARAH N. MILLER, *on the brief*), Hodgson Russ LLP, Buffalo, New York, *for Defendants-Appellees City of Buffalo, City of Buffalo, Department of Fire, Cornelius Keane, and John D. Sixt.*

JONATHAN G. JOHNSEN, Creighton, Johnsen & Giroux, Buffalo, New York, *for Defendants-Appellees Buffalo Professional Firefighters Association, Local 282, and Ronald Cassel.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court be **AFFIRMED.**

Plaintiffs-Appellants are 17 current or former firefighters for Defendant-Appellee City of Buffalo (with Defendants-Appellees City of Buffalo Department of Fire, Cornelius Keane, and John D. Sixt, collectively the "Buffalo Fire Department") who challenge the Buffalo Fire Department's implementation of its previous Drug Testing Policy. Plaintiffs-Appellants appeal the May 30, 2012 Decision and Order of the District Court for the Western District of New York (Curtin, *J.*) granting Defendants-Appellees' motions for summary judgment and dismissing the case. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to Plaintiffs-Appellants and drawing all reasonable inferences in their favor. *See SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). "Summary

_____

[*] The Clerk of Court is directed to amend the caption as shown.

2

judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (quoting Fed. R. Civ. P. 56(c)).

## A.      Procedural and Substantive Due Process Claims

Plaintiffs-Appellants claim, pursuant to 42 U.S.C. §§ 1981 and 1983, that the Buffalo Fire Department violated their procedural and substantive due process rights under the Fourteenth Amendment.  Regarding first the procedural due process claim, we consider (1) whether the Plaintiffs-Appellants possessed a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment, and if so, (2) whether the Buffalo Fire Department's procedures provided constitutionally adequate protection of that interest. *See Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005). "When . . . a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterward." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985)).

The Buffalo Fire Department does not dispute that Plaintiffs-Appellants had a cognizable property interest in their continued public employment, but assert that the firefighters received adequate procedural protections.[1]  The  record conclusively shows that the Plaintiffs-Appellants all

---

[1] The district court dismissed the due process claims of Plaintiffs-Appellants Michael Brown and John Tucker, who were neither terminated nor suspended without pay, concluding that they were not deprived of a significant property interest. *See M.O.C.H.A. Society, Inc. v. City of Buffalo*, 872 F. Supp. 2d 264, 287-88 (W.D.N.Y. 2012).  Plaintiffs-Appellants do not dispute this determination on appeal and consequently we do not consider it. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

3

received notice, either by letter or orally, of their possible discipline or termination as well as the opportunity for a pre-termination hearing at which they could present mitigating evidence. Moreover, Plaintiffs-Appellants had the opportunity to challenge their suspensions and terminations through the collective bargaining agreement's grievance and arbitration procedure or by filing an Article 78 petition in state court, *see* N.Y. C.P.L.R. § 7801, *et seq*. Twelve of the 17 Plaintiffs-Appellants requested and were provided a pre-termination hearing; eight filed grievances through the Union; one filed a petition in state court; and six reached positive outcomes as a result of their post-termination challenges.

Rather than arguing that they were denied notice or the opportunity to be heard, Plaintiffs-Appellants assert that the Buffalo Fire Department's violation of the procedures in the Drug Testing Policy—including the procedures for mandatory retesting and for review by a Medical Review Officer ("MRO")—meant that the firefighters had no meaningful opportunity to challenge their positive drug test results. Even if a reasonable factfinder could conclude that the Buffalo Fire Department and its agents frequently violated procedures in the Drug Testing Policy, however, there is no indication in the record that Plaintiffs-Appellants were prevented from disputing the fairness or accuracy of their test results and consequent terminations during the pre-termination hearing, the grievance process, or in state court. Consequently, the Buffalo Fire Department's provision of notice, a pre-termination opportunity to be heard, and the availability of the post-termination grievance procedure and Article 78 petition satisfied the requirements of due process, and the Defendants-Appellants were properly granted summary judgment as to the Plaintiffs-Appellants' procedural due process claims. *See Costello v. Town of Fairfield*, 811 F.2d 782, 784-85 (2d Cir. 1987) (finding that collective bargaining agreement's grievance and arbitration procedure was

4

adequate post-deprivation process); *Locurto*, 264 F.3d at 175 ("An Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes.").

Plaintiffs-Appellants also argue that the district court erred in dismissing their substantive due process claim. For substantially the reasons stated by the district court, we conclude that no reasonable jury could find that the Buffalo Fire Department's actions were "so egregious, so outrageous, that [they] may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Therefore, Plaintiffs-Appellants have failed to establish that the Buffalo Fire Department's implementation of the Drug Testing Policy violated their substantive due process rights.

**B.      Informational Privacy Claim**

Next, and again relying on the Due Process Clause of the Fourteenth Amendment, Plaintiffs-Appellants assert that the Drug Testing Policy violated their privacy rights, subjecting Defendants-Appellants to liability under §§ 1981 and 1983. Plaintiffs-Appellants concede that the Buffalo Fire Department can require firefighters to undergo drug testing. They argue that as applied, however, the Drug Testing Policy violated a constitutional right to informational privacy through the sharing of their private medical information.

The Supreme Court of the United States has explicitly declined to decide whether there is a "constitutional privacy interest in avoiding disclosure of personal matters." *Nat'l Aeronautics & Space Admin. v. Nelson*, 131 S. Ct. 746, 751, 756 (2011) (internal quotation marks omitted) (assuming without deciding that NASA's employee questionnaire regarding past drug and alcohol abuse and other sensitive information "implicate[d] a privacy interest of constitutional significance"). Nevertheless, assuming *arguendo* that the Buffalo Fire Department's alleged actions

implicated a constitutional privacy interest, we agree with the district court that no reasonable jury could find that the Department's actions—in particular, the requirement that firefighters testing positive for drug use sign medical releases upon entering rehabilitation to allow the sharing of rehabilitation-related information with the Buffalo Fire Department—violated privacy rights. Given the compelling safety concerns of the Buffalo Fire Department and the "wide latitude" afforded governments in the management of their employees, *Nelson*, 131 S. Ct. at 761 (internal quotation marks omitted), the required medical releases, which permitted, *inter alia*, the sharing of diagnoses and treatment plans with the Buffalo Fire Department, were reasonable. *See id. at* 760-64 (finding that challenged portions of NASA's employee questionnaire were "reasonable inquiries" that did not violate a constitutional right to informational privacy). This is particularly so because Plaintiffs-Appellants were on notice of the Drug Testing Policy, which required that they sign "any and all releases and/or waivers so as to allow the City to ensure employee participation in the counselling/rehabilitation program," Joint App'x 1545, and also worked in an industry the character of which should have alerted them to the likelihood of inquiries into their fitness and judgment. *Cf. Nat'l Treasury Employees Union v. Von Raab*, 489 U.S. 656, 671 (1989) (recognizing, in Fourth Amendment context, that "it is plain that certain forms of public employment may diminish privacy expectations"); *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 627 (1989) ("[T]he expectations of privacy of covered [railroad] employees are diminished by reason of their participation in an industry that is regulated pervasively to ensure safety, a goal dependent, in substantial part, on the health and fitness of covered employees."). Accordingly, no reasonable jury could find that the Drug Testing Policy violated the privacy rights that Plaintiffs-Appellants assert, and Defendants-Appellees were therefore properly granted summary judgment as to Plaintiffs-Appellants' privacy claim.

6

**C.** **Discrimination Claims**

Plaintiffs-Appellants next assert that the Buffalo Fire Department's disparate treatment of them based on their race violated their constitutional right to equal protection, rendering Defendants-Appellees liable under 42 U.S.C. §§ 1981, 1983, and 2000e-2, *et seq*., ("Title VII"), and New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296, *et seq*. "To prove a violation of the Equal Protection Clause . . . a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct," *Ruiz*, 609 F.3d at 493-94 (internal quotation marks omitted), that is, they were similarly situated "in all material respects," *id.* (internal quotation marks omitted). Furthermore, "[i]n order to survive a motion for summary judgment on . . . Title VII [and] equal protection[] . . . claims, [the plaintiff] must come forward with at least some credible evidence that the actions of the individual appellees were motivated by racial animus or [racially-based] ill-will." *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002).

Race discrimination claims under Title VII, NYHRL, and §§ 1981 and 1983 are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ruiz*, 609 F.3d at 491 (Title VII and §§ 1981 and 1983); *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008) (Title VII and NYHRL). "Under the *McDonnell Douglas* framework, a plaintiff establishes a *prima facie* case of intentional discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) (internal

7

quotation marks omitted). "If the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to come forward with a legitimate, nondiscriminatory reason for the adverse employment action. If the employer does so, the burden then returns to the plaintiff to demonstrate that race was the real reason for the employer's adverse action." *Id.* (internal citation omitted).

Plaintiffs-Appellants' disparate treatment claims fail because they are unable to point to sufficient evidence in the record to create a genuine issue to be tried as to whether the Buffalo Fire Department acted with a discriminatory motive.[2] Plaintiffs-Appellants rely specifically on  the affidavit of Lawrence Paulsen, who was briefly an employee at the Ellicott Square rehabilitation center, who stated that when he worked there, all of the firefighters there were black, and who affirmed that during a meeting at the center he heard an unnamed Fire Commissioner say that firefighters at the center were not qualified for their jobs and had received their employment through his help. The alleged statement references none of the suspensions and terminations at issue and does not mention any of the Plaintiffs-Appellants. Paulsen's affidavit, moreover, provides no reliable basis on which to identify the person whose statement was allegedly overheard, much less draw a connection between this person and the relevant personnel decisions of the Buffalo Fire Department. The remark thus falls short of providing a basis on which a reasonable jury could

---

[2] We assume *arguendo* that Plaintiffs-Appellants made out a *prima facie* case of discrimination, but only with regard to the suspensions and terminations. Decisions to subject the Plaintiffs-Appellants to occasional drug tests or to send them to one rehabilitation center rather than another do not constitute "adverse employment action[s]" because they do not amount to "materially adverse change[s] in the terms and conditions of employment." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted). Since the Defendants-Appellees met their burden of providing a legitimate, nondiscriminatory reason for the suspensions and terminations—namely, multiple positive drug test results or the failure successfully to complete rehabilitation—the burden at summary judgment shifted back to Plaintiffs-Appellants to demonstrate that the Defendants-Appellees were actually motivated by race.

8

determine that the adverse employment decisions at issue were motivated by racial animus.  *See Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149-50 (2d Cir. 2010) (listing factors courts consider in determining the probative value of a statement to a Title VII race discrimination claim, including "when the remark was made in relation to the employment decision at issue" and "the context in which the remark was made (i.e., whether it was related to the decision-making process)"); *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 n.2 (2d Cir. 2001) (characterizing remarks as "stray" where they were "unrelated to [the plaintiff's] discharge").  Nor does Plaintiffs-Appellants' additional evidence of disparate impact—principally, that a disproportionate number of black firefighters were terminated under the Drug Testing Policy—alter this analysis so as to raise a material dispute of fact on this point.  *See Reynolds*, 685 F.3d at 202 ("Statistics alone do not suffice to establish an individual disparate treatment claim . . . .").

Moreover, even if Plaintiffs-Appellants *had* adduced evidence of a discriminatory motive on which a reasonable jury might rely, they failed to come forward with any evidence that supports a finding that any one of them was treated differently than similarly situated white firefighters.  In particular, their allegations that the Sheridan Drive rehabilitation center offered better treatment than Ellicott Square, or that black firefighters were sent to one of the centers as opposed to the other, were unsupported in the record by admissible evidence.  Defendants-Appellees are thus entitled to judgment as a matter of law on the discrimination claims. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ("The non-moving party may not rely on conclusory allegations or unsubstantiated speculation[]" to defeat a motion for summary judgment.).

**D.    Remaining Claims**

We note that Plaintiffs-Appellants have not raised on appeal the district court's dismissal of their facial due process claims or their § 1985 conspiracy claim.  We therefore deem those claims

9

abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). We also dismiss Plaintiffs-Appellants' claims against Ronald Cassel and the Buffalo Professional Firefighters Association, Local 282 for substantially the reasons stated by the district court.

We have reviewed the remainder of Plaintiffs-Appellants' arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk